| 37 | 89 |
| 48 | 321 |
| 37 | 89 |
| 75 | 89 |

WILLIAM H. BATTELLE *vs*. NORTHWESTERN CEMENT & CONCRETE
PAVEMENT COMPANY.

June 13, 1887.

Corporation—Contracts of Promoters.—While a corporation is not bound
    by engagements made on its behalf by its promoters before it is organ-
    ized, it may, after it is organized, make such engagements its contracts
    by adopting them; and this it may do precisely as it might make similar
    original contracts, formal action of its board of directors being necessary
    only where it would be necessary to a similar original contract.

Same—Contract with Director.—Acquiescence. — A contract between a
    director and the corporation is not voidable merely because made with a
    director, where all interested in the corporation, officers, directors, and
    stockholders, not only know of but consent to it, and the property ac-
    quired by it is kept and used by the corporation.

The defendant was incorporated on March 27, 1884.   The plaintiff was one of the promoters and organizers of the defendant, and became an incorporator, stockholder, director, and officer.   On June 26, 1884, he sold his stock, and ceased to have any interest in the defendant.   On January 16, 1884, the plaintiff purchased certain real and personal property used in the business of laying down concrete pavements, giving back a mortgage for part of the purchase-money.   On March 27, 1884, he sold and conveyed this property to the defendant, which agreed, as alleged, to assume and pay the mortgage. Default was made in the payment of the mortgage, and it was duly foreclosed, the property not selling for enough to pay the whole amount of the mortgage debt.   The plaintiff, being liable for the deficiency, brought this action in the district court for Hennepin county, to recover

the amount thereof. The action was tried before *Lochren*, J., and a jury, and plaintiff had a verdict. Among other facts, it appeared on the trial that a preliminary agreement was made by the plaintiff on March 13, 1884, with two other persons, for the transfer of the above-mentioned property to a corporation to be formed, and it was in evidence that the defendant was organized and the transfer was made in pursuance of this agreement, the parties to the preliminary agreement becoming the incorporators. Defendant appeals from an order refusing a new trial.

*J. C. Haynes*, for appellant.

*Welch, Botkin & Welch*, for respondent.

GILFILLAN, C. J. It is self-evident that a corporation is not bound by engagements of its "promoters," (*i. e.*, those who bring about its organization,) assuming to contract for it in advance. It cannot have agents till it has an existence. The promoters are not the corporation, and their contracts cannot be its contracts. This is so, though the promoters become, at the creation of the corporation, its only stockholders, directors, and officers. After it comes into existence and operation, it may, by adopting the engagements thus made for it in advance, make them its contracts, precisely as it might make similar contracts had no previous engagements been entered into. There can be no difference between its making a contract by adopting an agreement originally made in advance for it by promoters, and its making an entirely new contract. No greater formality can be required in the one case than in the other; and if it could make an entirely new similar contract, without the use of its seal, or without writing, or without formal action of its board of directors, it may also so adopt an agreement assumed to be made for it in advance by promoters. It is not requisite that such adoption or acceptance be express, but it may be shown from acts or acquiescence of the corporation or its authorized agents as any similar contract may be shown.

It is true that the relations between the promoters and the agents and shareholders may be such, or the engagements made in advance by the promoters be of such a character, that the matter of adoption will be scrutinized by the courts with great strictness. The highest degree of fairness is required. In this case no complaint can be made

as to the fairness of the transaction. Not only did every stockholder and director and officer of the corporation, after it was formed, know that the property was conveyed to it upon the agreement that, when formed, it should assume and pay the indebtedness to which the property was subject, but each of them was a party to that agreement. After receiving the benefit of the previous engagement, and accepting and using the property in its business, knowing that, as part of the price of the property, the corporation was to pay the indebtedness, it can hardly be permitted now to deny its liability to pay it; and the same may be said as to the claim that, because plaintiff was a director, the agreement of the corporation, by its adoption of the previous arrangement with him, was not binding upon it. The rule that a contract between a director of a corporation and the corporation is voidable at the instance of the latter, or of its stockholders, cannot be applicable to a case where all interested in the corporation, its officers, directors, and stockholders, not only know of but consent to it, and where the property acquired by the corporation under the contract is kept and used by it, no one dissenting.

The evidence was sufficient to sustain a verdict for plaintiff, within the rules herein stated.

Order affirmed.