## D. A. McArthur *vs.* Times Printing Co.

Argued Dec. 18, 1891.   Decided Feb. 5, 1892.

**Contracts Made by Promoters of Corporations.**—While a corporation is not bound by engagements made on its behalf by its promoters before its organization, it may, after it is organized, make such engagements its contracts by adopting them as its own; and this it may do in the same manner as it might make similar original contracts. *Battelle* v. *Northwestern Cement & Concrete Pavement Co.*, 37 Minn. 89, followed.

**Adoption of—Is a New Contract.**—The act of the corporation in adopting such engagements is not a ratification, which relates back to the date of the making of the contract by the promoter, but is, in legal effect, the making of a contract as of the date of the adoption.

**Statute of Frauds—Performance within One Year.**—Hence, although the contract made in behalf of the contemplated corporation was, by its terms, not to be performed within one year from the date of the making thereof by the promoter, it is not within the statute of frauds if it be performed within one year from the date of its adoption by the corporation after its organization.

Appeal by defendant, Times Printing Company, from an order of the district court of Hennepin county, *Canty,* J., made August 4, 1891, denying its motion for a new trial.

Action brought by D. A. McArthur to recover damages sustained by him from the breach of a contract made by defendant with him. He was employed by it for a year from October 1, 1889, to solicit advertisements for its newspaper, and was to receive $20 a week during October, and $30 a week for the residue of the year, and was

also to receive, at the end of the year, five shares of its stock, of $100 each. He was discharged April 12, 1890. After the year expired he brought this suit. It was tried May 5, 1891, and plaintiff had a verdict for $450. Defendant moved for a new trial. The motion was denied, and it appealed.

*Geo. F. Edwards*, for appellant.

*F. B. Wright*, for respondent.

MITCHELL, J. The complaint alleges that about October 1, 1889, the defendant contracted with plaintiff for his services as advertising solicitor for one year; that in April, 1890, it discharged him, in violation of the contract. The action is to recover damages for the breach of the contract. The answer sets up two defenses: (1) That plaintiff's employment was not for any stated time, but only from week to week; (2) that he was discharged for good cause. Upon the trial there was evidence reasonably tending to prove that in September, 1889, one C. A. Nimocks and others were engaged as promoters in procuring the organization of the defendant company to publish a newspaper; that, about September 12th, Nimocks, as such promoter, made a contract with plaintiff, in behalf of the contemplated company, for his services as advertising solicitor for the period of one year from and after October 1st,—the date at which it was expected that the company would be organized; that the corporation was not, in fact, organized until October 16th, but that the publication of the paper was commenced by the promoters October 1st, at which date plaintiff, in pursuance of his arrangement with Nimocks, entered upon the discharge of his duties as advertising solicitor for the paper; that after the organization of the company he continued in its employment in the same capacity until discharged, the following April; that defendant's board of directors never took any formal action with reference to the contract made in its behalf by Nimocks, but all of the stockholders, directors, and officers of the corporation knew of this contract at the time of its organization, or were informed of it soon afterwards, and none of them objected to or repudiated it, but, on the contrary, retained plaintiff in the employment of the company without any other or new contract as to his services.

There is a line of cases which hold that where a contract is made in behalf of, and for the benefit of, a projected corporation, the corporation, after its organization, cannot become a party to the contract, either by adoption or ratification of it. *Abbott* v. *Hapgood,* 150 Mass. 248, (22 N. E. Rep. 907;) Beach, Corp. § 198. This, however, seems to be more a question of name than of substance; that is, whether the liability of the corporation, in such cases, is to be placed on the grounds of its adoption of the contract of its promoters, or upon some other ground, such as equitable estoppel. This court, in accordance with what we deem sound reason, as well as the weight of authority, has held that, while a corporation is not bound by engagements made on its behalf by its promoters before its organization, it may, after its organization, make such engagements its own contracts. And this it may do precisely as it might make similar original contracts; formal action of its board of directors being necessary only where it would be necessary in the case of a similar original contract. That it is not requisite that such adoption or acceptance be expressed, but it may be inferred from acts or acquiescence on part of the corporation, or its authorized agents, as any similar original contract might be shown. *Battelle* v. *Northwestern Cement & Concrete Pavement Co.,* 37 Minn. 89, (33 N. W. Rep. 327.) See, also, Mor. Corp. § 548. The right of the corporate agents to adopt an agreement originally made by promoters depends upon the purposes of the corporation and the nature of the agreement. Of course, the agreement must be one which the corporation itself could make, and one which the usual agents of the company have express or implied authority to make. That the contract in this case was of that kind is very clear; and the acts and acquiescence of the corporate officers, after the organization of the company, fully justified the jury in finding that it had adopted it as its own.

The defendant, however, claims that the contract was void under the statute of frauds, because, "by its terms, not to be performed within one year from the making thereof," which counsel assumes to be September 12th,—the date of the agreement between plaintiff and the promoter. This proceeds upon the erroneous theory that the act of the corporation, in such cases, is a ratification, which re-

lates back to the date of the contract with the promoter, under the familiar maxim that "a subsequent ratification has a retroactive effect, and is equivalent to a prior command." But the liability of the corporation, under such circumstances, does not rest upon any principle of the law of agency, but upon the immediate and voluntary act of the company. Although the acts of a corporation with reference to the contracts made by promotors in its behalf before its organization are frequently loosely termed "ratification," yet a "ratification," properly so called, implies an existing person, on whose behalf the contract might have been made at the time. There cannot, in law, be a ratification of a contract which could not have been made binding on the ratifier at the time it was made, because the ratifier was not then in existence. *In re Empress Engineering Co.*, 16 Ch. Div. 128; *Melhado* v. *Porto Alegre, N. H. & B. Ry. Co.*, L. R. 9 C. P. 505; *Kelner* v. *Baxter*, L. R. 2 C. P. 185. What is called "adoption," in such cases, is, in legal effect, the making of a contract of the date of the adoption, and not as of some former date. The contract in this case was, therefore, not within the statute of frauds. The trial court fairly submitted to the jury all the issues of fact in this case, accompanied by instructions as to the law which were exactly in the line of the views we have expressed; and the evidence justified the verdict.

The point is made that plaintiff should have alleged that the contract was made with Nimocks, and subsequently adopted by the defendant. If we are correct in what we have said as to the legal effect of the adoption by the corporation of a contract made by a promoter in its behalf before its organization, the plaintiff properly pleaded the contract as having been made with the defendant. But we do not find that the evidence was objected to on the ground of variance between it and the complaint. The assignments of error are very numerous, but what has been already said covers all that are entitled to any special notice.

Order affirmed.

(Opinion published 51 N. W. Rep. 216.)