M. P. BOND v. W. C. PIKE and Another.[1]

May 17, 1907.

Nos. 15,218—(34).

**Corporation—Contract of Promoters.**

Action by the assignee of a corporation to recover from the defendants a sum of money claimed to have been withdrawn from the funds of the corporation and converted to their own use. *Held:*

1. While a corporation is not bound by engagements on its behalf made by its promoters, yet it may make them its contracts by adopting them. This it may do, as it may make similar contracts.

2. If a similar contract might be made by the corporation without any formal act of its board of directors, the adoption of the contract of its promoters may be shown either by the express act of its board of directors, or it may be inferred from acts or acquiescence of the corporation or of its authorized agents. Battelle v. Northwestern C. & C. P. Co., 37 Minn. 89, followed.

3. The evidence is sufficient to sustain the verdict for the defendants, and there were no reversible errors in the charge of the trial judge or in his rulings as to the admission of evidence.

Appeal by plaintiff from an order of the district court for Hennepin county, John Day Smith, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Charles E. Bond,* for appellant.

*H. E. Fryberger,* for respondents.

START, C. J.

The plaintiff, as the assignee of a corporation known as the "Miller Mining Company," brought this action against the defendants to recover from them the sum of $3,275, which the complaint alleges they withdrew from the funds of the corporation and appropriated to their own use without the authority or consent of its board of directors or of the corporation.

The answer denied that the defendants ever appropriated any money of the corporation to their own use, and alleged in effect that the defendants gave their note to a third party in the sum of $3,000 for money borrowed, with which certain mining property was purchased

[1]Reported in 111 N. W. 916.

and paid for, and which was afterwards turned over to the corporation, whereby it received the full benefit of the $3,000 so borrowed; that the money was so borrowed, used, and the defendants' note given therefor pursuant to an agreement between the defendants and certain promoters of the corporation, to the effect that, in consideration of the defendants loaning their credit for the purpose of obtaining the money to purchase the property which should be transferred to the corporation when organized, it would assume such indebtedness as its own; that upon its organization the corporation did so assume the debt, and that the sum of $3,275, alleged to have been wrongfully appropriated by the defendants to their own use, is the amount paid by the officers of the corporation to discharge the principal and interest of the debt so assumed; that such payment was ratified by the corporation; and, further, that all claims and demands between the defendants and the corporation were compromised and settled before the alleged assignment of the supposed claim to the plaintiff. The cause was tried, and a verdict returned for the defendants. The plaintiff made a motion for judgment in her favor notwithstanding the verdict or for a new trial, and appealed from the order denying her motion.

The assignments of error are numerous. They relate to the sufficiency of the evidence to support the verdict, to the instructions of the court, and to the rulings of the trial court with reference to the admission of evidence. The important question raised by the assignments of error is whether the verdict is sustained by the evidence.

The learned trial judge correctly and clearly stated in his instructions to the jury the issues of fact for them to pass upon as follows: Was a promoters' agreement made, as claimed by the defendants, that upon its organization the corporation should assume and pay the note in question? If such contract was made, did the corporation adopt it as its own? Did the corporation authorize the payment of the note out of its funds, or ratify such payment after it was made? If there is any competent evidence in the record fairly tending to establish the affirmative of these questions, the verdict is sustained by the evidence.

It is the settled law of this state that a corporation is not bound by engagements on its behalf made by its promoters before its organization, but it may make them its contracts by adopting them. This it may do precisely as it may make similar original contracts; and if a

similar contract might be made by the corporation without any formal act of its board of directors, the adoption of the contract of its promoters may be shown either by the express act of its board of directors, or it may be inferred from acts or acquiescence of the corporation or of its authorized agents.   Battelle v. Northwestern C. & C. P. Co., 37 Minn. 89, 33 N. W. 327; McArthur v. Times Printing Co., 48 Minn. 319, 51 N. W. 216, 31 Am. St. 653; 23 Am. & Eng. Enc. (2d Ed.) 242; 10 Cyc. 262.

The printed record contains some three hundred seventy five pages of evidence, which is so conflicting that it is seemingly impossible to harmonize it.   We have given to it, in connection with the rules of law stated, the consideration the importance of the case demands, and have reached the conclusion that there was evidence, although directly contradicted by the evidence on behalf of the plaintiff, sufficient to justify a finding by the jury in favor of the defendants upon each of the issues submitted to them.   There is no dispute that the note was given by the defendants, before the organization of the corporation, for money which was used to pay a part of the purchase price of certain mining property, which was afterwards transferred to the corporation, and that the note was afterwards paid by a check on the funds of the corporation, drawn by its treasurer.   It also appears quite clearly that neither of the defendants received any part of the money for which the note was given, or any benefit therefrom.   There was no evidence of any formal and recorded act of the board of directors assuming the payment of the note or directing its payment from the funds of the corporation.   But there was evidence tending to show that the alleged agreement of the promoters was made, that a majority, at least, of the members of the board of directors were advised of such agreement, and that the treasurer of the corporation drew his check for the payment of the note by the direction of the attorney of the corporation, the husband of the plaintiff, who was active in the management of the financial affairs of the corporation, with the knowledge of all the directors, although there was no evidence of his formal appointment as such manager.   There was also evidence tending to show that after the note was paid the defendants on different occasions advanced money for the corporation, and that repeated settlements therefor were made between them and the corporation after the directors knew that

101 M.—9.

the note had been paid out of the funds of the corporation, and no claim was made that the note had not been rightfully paid by the corporation. There was other evidence, both oral and documentary, tending to support the respective claims made by the defendants. Considering the evidence in its entirety, we hold that it was sufficient to sustain the verdict for the defendants, within the rules stated.

The trial court charged the jury that:

> Nor was it necessary that such adoption be made in express terms. It was not necessary that it should be done by any formal action of its board of directors, or in writing or oral resolutions adopted by its board of directors.   *   *   *
>
> It is claimed, further, that certain of the promoters and stockholders expressly authorized the payment of the note out of the funds of the corporation; that payments were made by checks drawn on the corporate funds, and entries thereof made in the corporate books; (and that no person interested in the corporation ever at any meeting of the board of directors or stockholders protested against or objected to what had been done, unless it be Mr. Elftman; and it is claimed that, though he protested at one time, he nevertheless subsequently, by affirmative acts, perhaps by his silence, acquiesced in the adoption of the promoters' agreement and the payment of the note out of the corporate funds).

The plaintiff urges that the giving of the first instruction and so much of the second one as is inclosed in parentheses is erroneous, because they place the corporation and its stockholders at the mercy of those who wish to take advantage of their position on the board of directors for their own profit. The instructions were in accordance with the rules we have stated, and it was not error to give them.

The jury were further instructed that:

> Now, if you find that that first defense is not a good one, you must also, before you can find for the plaintiff, find also that neither of these other defenses are true, and that there was not a settlement—an accounting and settlement—between the defendants and this corporation, including all accounts up to the date of those settlements, at either of the three alleged settlements.

It is claimed that this was error, because "it submitted to the jury questions arising under the first, fourth, and fifth defenses, which did not state facts sufficient to constitute a defense," and for the further reason that the evidence does not sustain the allegations of the answer as to a settlement. The answer stated facts sufficient to constitute a defense, and, as stated, there was evidence tending to support the defenses submitted by the court for the consideration of the jury.

The court also instructed the jury that:

> After the plaintiff has once established her claim, as to the special defenses set up by the defendants, the burden of proof is, of course, upon them to establish their own defense. (In the first place the plaintiff is obliged to prove, in order to recover, by a fair preponderance of the evidence, that that money was unlawfully taken by the defendants from the corporate funds, and that the corporation did not adopt and ratify the taking thereof.)

The giving of the instruction inclosed in parentheses is assigned as error, for the alleged reason that the answer admits the conversion and attempts to justify it; hence the burden was on them, and not on the plaintiff. No exception was taken to the instruction on the trial, and, if the plaintiff was of the opinion that it was so framed that it might be misunderstood, the attention of the court should have been called to the matter. The answer did not admit a conversion of corporate funds, and the burden was on the plaintiff in the first instance to give evidence tending to establish such allegation. The burden was then on the defendants to establish the defensive matter alleged in their answer. This is what the trial court in effect charged the jury, when the instruction is considered as a whole and in connection with the pleadings and the evidence. It was not reversible error to give it.

The plaintiff assigns forty nine alleged errors in the rulings of the trial court in the admission of evidence. We have considered them, and while there was technical error in some of them, we find no error in any of them which would justify a reversal. A discussion in detail of the rulings would serve no useful purpose, for it would be of no value as a precedent.

Order affirmed.