BELVIDERE WATER COMPANY, DEFENDANT IN ERROR, v. TOWN OF BELVIDERE, PLAINTIFF IN ERROR.

Argued November 28, 1911—Decided April 19, 1912.

1. The plea of *nul tiel* corporation is a plea in bar.

2. Upon a plea of *nul tiel* corporation the issue is whether the action is maintainable in the name of the corporation, and this depends not upon the *de jure* but upon the *de facto* existence of the corporation.

3. A water company was organized under the act of 1876 (*Rev., p. 1365*), in a town of less than the two thousand population required by the act and entered into a contract with the town to supply water for hydrants within and without specified limits: the act was amended in 1880 so as to apply to municipalities having not less than five hundred population, and a validating act had been passed in 1909. *Comp. Stat., p. 3636, pl. 634.* The company supplied and the town paid for water for thirty years; in an action to recover for water supplied in the last quarter of 1909, upon a plea of *nul tiel* corporation—*Held*, that the company had been a *de facto* corporation since 1880 and a *de jure* corporation since the act of 1909; that the parties adopted the contract as far as they legally might; that the contract was entire, and that the town could not adopt it as to hydrants within the limits and repudiate it as to the hydrants outside.

On error to the Supreme Court.

This is an action by the Belvidere Water Company to recover the rental of four hydrants for the last quarter of 1909. The written contract under the seals of both parties was made in September, 1877, and provided that the water company should supply any number of hydrants, not exceeding fifteen, within specified limits in the town for $500 per annum, and that for each hydrant outside those limits the town should pay $25 per annum. The company has been in operation more than thirty years and has supplied water for the hydrants and been paid therefor by the town. There were eight hydrants outside the limits, but for four of them the company made no charge, probably because there were only eleven hydrants within the limits. In October, 1909, the town, after

notice to the water company, cut off four of the eight hydrants and refused to pay more than the $500 required for those within the limits. In fact, three of the four cut off were those for which no charge had been made by the company. The town has paid for the hydrants within the limits since the suit was begun, and only the rental of four hydrants outside the limits is involved.

The defences were that there was no such corporation as the plaintiff, and a general denial of indebtedness.

The trial judge directed a verdict for the plaintiff for $25, the rental of four hydrants for three months.

· For the plaintiff in error, *Joseph M. Roseberry.*

For the defendant in error, *Gilbert Collins* and *George M. Shipman.*

The opinion of the court was delivered by

SWAYZE, J.  The plea of *nul tiel* corporation puts in issue only the present existence of the corporation.  It avers that there is not, nor ever was, nor on the day of the commencement of this action, nor ever since, in existence any such corporation.  Such a plea is obviously met by proof that the corporation existed at any time, and it was therefore proper to reply, as the plaintiff did, that there is and was on the day of the commencement of this suit, and since that day, in existence a corporation called the Belvidere Water Company.  The issue joined was the existence of the corporation at and since the beginning of this suit.  This was the proper issue.  The question to be raised under the plea of *nul tiel* corporation is the ability of the plaintiff to sue.  1 *Chit. Pl.* (16th *Am. ed.*) *464, *note g*.  It is therefore sometimes regarded only as a plea in abatement.  *Conard* v. *Atlantic Insurance Co.,* 1 *Pet.* 396, 450, although the better opinion, sustained by the weight of authority, is that it is a plea in bar.  10 *Cyc.* 1357.  The reason for holding it a plea in bar is well stated in a quotation from Brooke's Abridgement by the Supreme Court of Massachusetts in *Christian Society* v. *Macomber,* 3 *Metc.* 235, 238 : "In an action by a corporation, or a natural body, mis-

nomer of one or the other goes only to the writ; but to say that there is no such person *in rerum natura,* or no such body politic, this is in bar; for if he be misnamed, he may have a new writ by the right name; but if there be no such body politic, or such person, then he cannot have an action." The question, therefore, is whether this action is maintainable in the name of the Belvidere Water Company. This depends not upon the *de jure* but upon the *de facto* existence of such a corporation at the time suit was brought. Its right to exist can be questioned by the attorney-general acting for the state, but not by one who contracts with it as a corporation, provided there is a statute under which such a corporation may exist. *Stout* v. *Zulick,* 19 *Vroom* 599; *Vanneman* v. *Young,* 23 *Id.* 403; *McCarter* v. *Ketcham,* 43 *Id.* 247. These principles of law are not disputed by the defendant; it contends that there could be no such corporation *de jure* because the act, under which it purports to be organized (*Rev., p.* 1365), permitted water companies only in municipalities having at least two thousand inhabitants, and it is said Belvidere lacked that number. Assuming the fact to be as the defendant contends, the legal result does not follow. At the time the suit was brought, the act had been amended so as to apply to any municipality having a population of not more than fifteen thousand and not less than five hundred. *Pamph. L.* 1880, *p.* 273. Since the plea challenges only the right to maintain the action, and there could at that time be a corporation *de jure,* and it is not questioned that every other element necessary to make a corporation *de facto* was present, the plea is not sustained by the proofs.

. This conclusion, however, does not suffice to dispose of the pending case.

The plaintiff claims under a contract made at a time when the law authorized water companies only in municipalities of two thousand population, and the defendant's claim is that no rights can arise out of a contract which purports to be made with a corporation that could not at that time have a legal existence.

This case, however, does not present the question whether

the parties are bound by the contract of 1877, but the much narrower question whether the facts showed an indebtedness of the town to the water company for the amount for which the verdict was directed. Whatever defects there may have been in the original incorporation, it was validated by the act of 1909 (*Comp. Stat., p.* 3636, *pl.* 634), for we must assume in the absence of proof to the contrary that the necessary copy of the ordinance consenting to the formation of the company, was filed with the certificate of incorporation. *Omnia presumuntur rite acta.* Both the town and the water company have acted on that presumption for thirty years, and clear proof is required to overcome it. For all that time the water company has furnished and the town has paid for water in accordance with the terms of the contract. The plaintiff has been a *de facto* corporation at least since 1880, and a *de jure* corporation at least since the validating act of 1909. The necessary inference is that the parties adopted the contract as far as they legally might. 1 *Mach. Corp.,* §§ 329, 332; *Battelle* v. *Northwestern Cement Co.,* 37 *Minn.* 89; *Bond* v. *Pike,* 101 *Id.* 127; *Holyoke Envelope Co.* v. *United States Envelope Co.,* 182 *Mass.* 171. No question is made of the right of the town under its charter to make a contract for a year at a time, and by adopting a contract that provided for an annual rental and paying on that basis, both parties became bound at least for the current year. In the absence of proof to the contrary, a contract for a year is a contract for the calendar year; and so the town has treated it by paying for the hydrants within the limits for the last quarter. The contract was an entire one and the town could not adopt it as to the hydrants within the limits and repudiate it as to the hydrants outside. Four of these were in fact supplied, and although one of these had theretofore been supplied without charge, that was only as part of the whole contract and dependent upon the other four being paid for. The water company was ready to supply the one hydrant that was cut off and the town could not escape its contractual liability by merely disconnecting. The direction of a verdict was proper and the judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, JJ. 14.

*For reversal*—None.