HARRY STELLA, Appellant, *v.* BANKERS COMMERCIAL CORPORATION, Respondent.

(Supreme Court, Appellate Term, First Department, February, 1920.)

Contracts — rescission — bill of sale — automobiles — negotiable instruments — when judgment directed for plaintiff.

> On the date of the purchase by plaintiff of an automobile truck from a motor company paid for partly in cash and in part by a series of notes, a conditional bill of sale referring to said notes was executed between the parties. A few days later the truck was delivered and proved to be subject to some dissatisfaction. Three of the notes were paid at maturity, the first to the motor company and the other two to defendant to whom they had been indorsed. Plaintiff, unaware that the bill of sale had been assigned to defendant, had a conversation with the officers of the motor company, which resulted in a mutual rescission of the contract and the return of the truck by plaintiff to the motor company which shortly thereafter became insolvent, and all of its property including said truck was taken possession of by defendant. In an action to recover back from defendant the amount paid by plaintiff on account

Appellate Term, First Department, February, 1920.   [Vol. 110.

of the purchase price, defendant's treasurer testified that two or three months before defendant took possession of the truck, he had received notice of its return to the motor company by plaintiff. *Held,* that defendant, having with knowledge of the rescission, before it had taken possession of the property of the motor company, including the truck in question, adopted the transaction as its own, was bound to return so much of the purchase price as it had received and to surrender the notes still outstanding, and that the judgment in favor of defendant will be reversed and judgment directed in favor of plaintiff.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of defendant, after a trial by a judge without a jury.

Charles A. Ogren (Louis W. Severy, of counsel), for appellant.

Walter A. Hall (Grant C. Fox, of counsel), for respondent.

BIJUR, J.   It appears that the plaintiff on or about November 23, 1916, bought from the Lincoln Motor Company, Inc. (hereinafter called Lincoln Company), an automobile truck for $1,594 paying $50 down, $450 shortly thereafter and giving fifteen notes of approximately $71 each to run over a period of time. An appropriate conditional bill of sale (referring to the notes) was on the same date executed between the parties. A few days later the truck was delivered and proved to be the subject of some dissatisfaction. The plaintiff paid three of said notes as they fell due, aggregating some $215, the first payment being made to the Lincoln Company and the other two to the defendant — to whom the notes had been indorsed. Thereafter and on March 19, 1917, plaintiff, unaware

of the assignment of the conditional bill of sale to defendant, had a conversation with officers of the Lincoln Company which resulted in a mutual rescission of the contract of sale and the return of the truck by the plaintiff to the motor company.  The Lincoln Company shortly thereafter became insolvent.  Defendant, on July 23, 1917, took possession of all the property of that company, including the truck involved in the present action, which it found, among others, in the garage of the Lincoln Company.  This action is brought to recover from the defendant the amount paid by the plaintiff on account of the purchase price of the truck.

The learned judge below was of opinion that the defendant being merely the assignee of the Lincoln Company was not bound, either on the theory of contract, or of *quasi* contract, to return the payments " which were voluntarily made to it by the plaintiff, though such *quasi* contract made the Lincoln Motor Company liable for all the payments made whether to it or to the defendant on its account."

The facts in this case not being in dispute, it was tried almost exclusively on stipulation.  Defendant's treasurer, however, in the course of some otherwise unimportant evidence, testified that he " had received notice that the plaintiff had turned the truck in to the Lincoln Motor Company about May or June, 1917," some two or three months, it will be observed, before possession thereof was taken by the defendant.

As I view this transaction plaintiff having undertaken to rescind the sale without exacting the return either of the conditional bill of sale or of the notes given thereunder was, as matter of law, put upon notice that they had been negotiated.  *Assets Realization Co.* v. *Clark,* 205 N. Y. 105.  As to the defendant,

Appellate Term, First Department, February, 1920.   [Vol. 110.

therefore, the ostensible rescission was totally ineffective.

When, however, the fact of the rescission became known to the defendant, and it took possession of the truck which had been surrendered by plaintiff in pursuance thereof, it adopted the transaction to the extent of its interest as its own and became bound by such adoption to return so much of the purchase price as it had received and to surrender the notes still outstanding. See generally *Conde* v. *Lee,* 171 N. Y. 662; *Town of Ansonia* v. *Cooper,* 64 Conn. 536, 541; *Blood* v. *La Serena L. & W. Co.,* 113 Cal. 221; *McArthur* v. *Times Printing Co.,* 48 Minn. 319; *Schreyer* v. *Turner Flouring Co.,* 29 Ore. 1.

In my opinion, therefore, the judgment should be reversed, with $50 costs, and judgment directed in favor of plaintiff for $214.11, with appropriate costs in the court below.

LEHMAN, J (dissenting). The plaintiff purchased an automobile truck from the Lincoln Motor Company, Inc., under a conditional contract of sale. Thereafter the parties to the contract agreed to a rescission of the contract of sale and the plaintiff returned the truck to the vendor. Upon such rescission of the contract the Lincoln Motor Company became obligated to repay to the plaintiff the amount previously paid by the plaintiff upon the contract. The Lincoln Motor Company failed to make such payment and thereafter the plaintiff brought suit against it for that amount. Before the plaintiff could recover judgment against the Lincoln Motor Company that corporation apparently became insolvent and the plaintiff now seeks to recover the amount paid upon the contract in this action against the defendant, the assignee of the conditional contract of sale.

The Lincoln Motor Company on the same day that it delivered the truck to the plaintiff assigned to the defendant all its right, title and interest in and to the agreement of conditional sale and *" in and to the property and rights therein described "* and indorsed to the defendant the fifteen notes made by the plaintiff in accordance with this contract. If the Lincoln Motor Company at the time it agreed to rescind the contract had been the legal owner of the contract, the automobile truck described therein and the notes given thereunder, then the obligations of both parties to the contract would have been terminated and the plaintiff would have had only a right of action against the Lincoln Motor Company under the agreement of rescission for the return of the consideration. Inasmuch, however, as the plaintiff had executed and delivered negotiable instruments under the contract and, in spite of the fact that he had paid at least two of these instruments to the defendant after the assignment, had failed to demand or receive back from the Lincoln Motor Company these notes at the time of the mutual rescission of the contract — that rescission was effective only between the parties thereto and the defendant, as assignee, was not thereby deprived of its right of action against the plaintiff upon the notes and certainly was not bound by the agreement of the Lincoln Motor Company to return the consideration. The defendant was not informed at that time of the rescission, it never authorized it and, so far as appears, the Lincoln Motor Company did not attempt to act in the matter for the defendant but rather for its own benefit and because of its own previous breach of contract. The defendant was clearly not in fact or in law the principal of the Lincoln Motor Company and not bound by any promise of that corporation. It is therefore not liable in this action unless thereafter

Appellate Term, First Department, February, 1920. [Vol. 110.

by its own act it assumed on its part some obligation towards him.

It is urged that when the defendant with knowledge of the rescission of the contract by the Lincoln Motor Company took the automobile truck into its possession and thereafter sold it, it either ratified the promise of the Lincoln Motor Company and became bound by its terms or at least then became bound to return that part of the consideration which it had itself received.

At the time the defendant took possession of the truck the plaintiff had by agreement with the Lincoln Motor Company, abandoned its right of possession and the legal title and right of possession were both vested either in the defendant or the Lincoln Motor Company, provided the agreement of rescission made by the latter company was binding. As pointed out above, that company could not bind the defendant, without its knowledge or consent, to cancel or rescind its right of action upon the notes delivered to it, but when the defendant took possession of the truck, with knowledge that the plaintiff had given up its right to the possession of the truck, under a rescission with the Lincoln Motor Company, it assumed a position inconsistent with any claim that the Lincoln Motor Company did not have authority to rescind the contract and it must be deemed to have adopted the transaction to the extent of its interest as pointed out by Mr. Justice Bijur. Both on principle and under the authorities cited by him, it could not accept the benefit of that transaction and then assert that the Lincoln Motor Company had no right to bind his interest. That rule, however, does not mean that the defendant became bound itself to perform as principal an affirmative promise made by the Lincoln Motor Company on its own behalf. It means merely that it cannot assert any claim that is inconsistent with the right of the

Lincoln Motor Company to make the agreement. The right of the Lincoln Motor Company to rescind the contract of sale depended upon its right to future payment of the purchase price as evidenced by the notes. It was this interest of the defendant which the Lincoln Motor Company could not bind without the defendant's consent and when the defendant took the truck it must be considered to have adopted the transaction to the extent of this interest. I cannot, however, agree that the defendant thereby also became bound to return the consideration paid to it. Upon the rescission of the contract by agreement, the Lincoln Motor Company did not then become obligated to return the plaintiff the same particular moneys paid upon the contract and certainly the plaintiff upon a rescission of the contract had no right to follow the proceeds of the moneys into the hands of third parties. One of the notes was paid by the plaintiff by check to the Lincoln Motor Company and by it indorsed to the defendant. I cannot see how the plaintiff can claim that in law it paid this check to the defendant. The other two checks were paid to the defendant by the plaintiff directly and the plaintiff knew that it had paid these moneys to the defendant when it entered into the agreement of rescission with the Lincoln Motor Company. That agreement would have been valid as against the defendant if it had previously consented that its interest in the unpaid balance should be abrogated and if it had given such consent, upon no theory that has been pointed out, could it have been required to return to the plaintiff the moneys received by it. The only obligation to return moneys paid rested upon the Lincoln Motor Company by virtue of its express or implied promise; the only obligation that rested upon the defendant in law or equity by virtue of its consent to or adoption of the contract of

Appellate Term, First Department, February, 1920. [Vol. 110.

rescission was to assert no rights inconsistent with that agreement. The plaintiff in entering into that agreement in effect asserted and relied upon the right of the Lincoln Motor Company to make that agreement. If the defendant accepts the result of that agreement he cannot deny the power of the Lincoln Motor Company to make the agreement; but equally the plaintiff cannot, having made the agreement, now assert that the Lincoln Motor Company had no power to make it and claim greater or different rights than he would have obtained if in fact that company had possessed these powers which the plaintiff believed it had and on the faith of which he entered into the agreement.

The plaintiff claims that the Lincoln Motor Company was the sole owner of the contract of sale with full power to rescind it. If the plaintiff had been correct in this view, he would have no right of action against the defendant. The defendant on the other hand, having accepted the agreement made by the Lincoln Motor Company, cannot claim any right which it would not have had if the Lincoln Motor Company had possessed this power. The court must therefore fix the rights of the parties upon the basis that the agreement of rescission was valid and that the Lincoln Motor Company had the lawful right to enter into it, and since under that agreement the plaintiff did not seek or obtain any rights against the *defendant* for the return of the consideration or any part of it, the judgment in favor of the defendant is correct.

Judgment should be affirmed, with twenty-five dollars costs.

Judgment reversed, with thirty dollars costs.