S. D. LANGLEY v. CARL H. MOHR AND OTHERS.
HENNEPIN AUTO COMPANY, RESPONDENT.[1]

July 23, 1920.

No. 21,797.

**Exchange of property — fraudulent representations — directed verdict proper.**

In an action of deceit for fraudulent representations as to property given in part payment of property purchased of the plaintiff, there was a verdict against the defendants Mohr and the Walwer company and a verdict was directed in favor of the defendant Hennepin company. It is *held* that the evidence would not sustain a finding that the Hennepin company participated in Mohr's fraud, whereby it acquired title to the plaintiff's property, and by so doing became liable in an action of deceit, and that the court rightly directed a verdict in its favor.

Action in the district court for Hennepin county to recover $12,500 for fraud. The case was tried before Bardwell, J., who granted the motion of Hennepin Auto Company for a directed verdict in its favor, and denied a similar motion by the Walwer Motor Car Company. There was a verdict against defendants Mohr and Walwer Motor Car Company. From an order denying his motion for a new trial, as against the Hennepin Auto Company, plaintiff appealed. Affirmed.

*Axel Eberhart* and *Rose & Brill,* for appellant.
*Arthur M. Higgins,* for respondent.

1 Reported in 178 N. W. 943.

DIBELL, J.

Action of deceit. There was a verdict against the defendants Mohr and Walwer Motor Car Company. The court directed a verdict in favor of the defendant Hennepin Auto Company. The plaintiff appeals from the order denying his motion for a new trial.

1. On June 11, 1915, the defendant Mohr entered into a preliminary contract for the purchase of the plaintiff's garage and auto business, the transaction to be closed on July 1. The consideration was $20,500. Of this amount $12,500 was represented by Canadian land contracts and Florida lands transferred by Mohr to the plaintiff. Of the balance, $250 was paid in cash; $250 was paid on July 1, when the deal was closed; $500 by note due September 1, 1915, and $7,000 in seven notes of $1,000 each, due at intervals of four months commencing November 1. The fraud alleged is in false representations made by Mohr relative to the Canadian and Florida lands. The evidence sustains a finding of fraud.

Mohr was an officer and stockholder of the defendant Walwer company. Some officer of the company suggested to him that the plaintiff's business might be bought, and he entered into negotiations which resulted in the contract.

The defendant Hennepin Auto Company was organized on June 26. The name adopted was that under which the plaintiff was doing business. It was intended that it would take over the property of the Walwer company and that purchased by Mohr of the plaintiff. The stockholders of the Walwer company took a like amount of stock in the Hennepin company without putting in new money. The Hennepin company took over the assets of the Walwer company, which amounted to practically nothing, and by resolution assumed "no liabilities other than the replacing of any and all outstanding stock issued by the Walwer Motor Car Company, which said stock is to be issued and exchanged as par for par." The officers of the Walwer company became officers of the Hennepin company. The Walwer company and the Hennepin company, pursuant to formal resolutions, indorsed Mohr's notes for $7,500. They were paid by the Hennepin company as they became due. It seems that Mohr got the first $250 from some officer of the Walwer company, and that the second $250, paid July 1, was cared for by the Hennepin company.

The Hennepin company gave Mohr its note for $5,500. This note was

to be paid out of the net profits of the business and was not to be paid until the notes amounting to $7,500 were paid. If the Hennepin company was unable to pay the $5,500 note within two years, Mohr was to have capital stock of like amount in lieu of the company's obligation on the note. This is what he got out of the transaction.

The parties interested knew that Mohr was trading $12,500 in lands or land contracts toward the plaintiff's property. The Walwer company had Mohr's note for $4,000 given in April previous for stock. This note was unqaid and was secured by like Canadian contracts. Several checks which Mohr had given to the Walwer company or its officers on a Winnepeg bank were not paid and had gone to protest. This much was known of Mohr's financial standing. The Hennepin company, not Mohr personally, took possession of the plaintiff's property on July 1. This was the plan. It was understood by the parties in interest that the Hennepin company should be organized and take over the Walwer assets and the property gotten from the plaintiff. It should not be understood that the facts recited are all admitted. We have stated such as are not in dispute or might be found directly or by fair inference from the evidence.

The direction of a verdict in favor of the Hennepin company must be sustained, if at all, upon the ground that there was no evidence reasonably tending to show its participation in the fraud practiced by Mohr. If the Hennepin company merely purchased from Mohr, though it had arranged to do so before the contract was closed, and if its purchase was simply a purchase of the preliminary contract and a taking over of the assets of the Walwer company, it is not liable in an action of deceit. This is true, even if it were charged with notice of fraud. It may in such a case be required to submit to a rescission, but it is not liable on an action of deceit.

Upon a consideration of the evidence we are brought to the conclusion that the evidence does not sustain a finding that the Hennepin company participated in the fraud practiced by Mohr. It had the right to purchase Mohr's interest and to take over the Walwer property and to make such arrangements as it chose with Mohr for making payment for the property bought of him. The evidence falls short of showing that it participated in the fraud of Mohr as a result of which it acquired title. Of course it is not bound on the doctrine of respondeat superior for fraud-

ulent misrepresentations made by Mohr before its incorporation. Battelle v. Northwestern C. & C. P. Co. 37 Minn. 89, 33 N. W. 327. After its incorporation it could adopt a contract made in its behalf. Bond v. Pike, 101 Minn. 127, 111 N. W. 916, and cases cited. It did not participate in the fraud and is not liable in deceit. Whether it would have been bound to submit to a rescission is not involved here.

Order affirmed.