## S. D. LANGLEY v. CARL H. MOHR AND OTHERS.
## WALWER MOTOR CAR COMPANY, APPELLANT.[1]

December 23, 1921.

No. 22,416.

**Deceit—verdict supported by evidence.**

The evidence sustains a finding of the jury that the defendant Walwer Company participated in the fraud practiced by the defendant Mohr on the plaintiff and that it is liable in damages for deceit.

After the former appeal reported in 146 Minn. 394, 178 N. W. 943, the case was tried before Bardwell, J., who when plaintiff rested granted defendant Hennepin Auto Company's motion for a directed verdict and denied defendant Walwer Motor Car Company's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $16,331.25. Defendant Walwer Motor Car Company's motion for judgment notwithstanding the verdict or for a new trial, was denied. From the judgment entered pursuant to the verdict, Walwer Motor Car Company appealed. Affirmed.

*Arthur M. Higgins,* for appellant.

*A. O. Eberhart* and *Roberts & Strong,* for respondent.

DIBELL, J.

This is an action of deceit. There was a verdict against the defendants Mohr and Walwer Motor Car Company. The court directed a verdict for the defendant Hennepin Auto Company. The plaintiff appealed from an order denying its motion for a new trial and the order was sustained. Langley v. Mohr, 146 Minn. 394, 178 N. W. 943. There was a verdict against Mohr and the Walwer company. The company appeals from the judgment entered against it on the verdict.

The jury found fraud practiced by Mohr in obtaining the property of the plaintiff. There can be no question of the sufficiency of the evidence to sustain the finding.

[1]Reported in 185 N. W. 937.

The trial court submitted to the jury the question whether Mohr was acting as the representative of the Walwer company when he committed the fraud upon the plaintiff, and the jury found that he was. The general outline of the facts appears in the opinion on the former appeal. It is not necessary to detail the facts relative to Mohr's connection with the Walwer company. A reading of the evidence satisfies us that the jury might find that Mohr was acting for the Walwer company in making the deal with the plaintiff, that the company was not merely a purchaser from Mohr of the rights acquired by him, and that it participated in his fraud. The evidence sustains the verdict of the jury.

Judgment affirmed.