Pittsburg, etc., Mining Co. *v.* Quintrell.

PITTSBURG, ETC., MINING CO. *v.* QUINTRELL.

(*Knoxville.* October 4, 1892.)

1. CORPORATIONS. *Contracts for, made before incorporation. Ratification.*

Contracts made on behalf of a corporation by its promoters, before it has a legal existence, do not bind the corporate body unless it adopts and ratifies such contracts after its incorporation has been perfected.

2. SAME. *Same. Same.*

The evidence of adoption by the corporation of a contract made on its behalf in advance of incorporation, is sufficient in this case to support the verdict of the jury holding the corporation liable thereon.

---

FROM POLK.

---

Appeal in error from the Circuit Court of Polk County. ARTHUR TRAYNOR, J.

GASTON & ROBESON and JAMES G. PARKS for Pittsburg, etc., Mining Co.

STUART & GAUT for Quintrell.

LURTON, J. This is an action for damages for breach of contract of hiring. There was a judgment in favor of the defendant in error.

Two errors have been assigned, both on the facts. At a former day of the term these assignments were overruled and the judgment of the Circuit Court affirmed.

A petition for rehearing has been filed, from which we quote the following:

" Petitioner shows that the assignment of errors and the argument of counsel presented several questions not pertinent to the controversy, and that the only question for consideration was the liability of petitioner *in any event.* Petitioner respectfully submits that the Court evidently overlooked the facts:

" 1. That there is no proof in the record to show that the defendant company was in existence at the time the alleged contract was made, but, on the contrary, the proof shows that said company was not in existence.

" 2. That there is no proof to show that the said company ever ratified any contract made by any party with the plaintiff.

" 3. There is no proof to show that Shaffer, who made the contract with Quintrell, was an agent of the said company, but, on the contrary, the proof shows that he was not its agent."

Mr. Shaffer, the witness of defendant, shows that he, together with one Ferguson, owned a mining lease covering some copper mines; that they began the business of mining upon their property under the name and style of " The Pittsburg and Tennessee Copper Mining Company." How the lease was taken does not appear; nor is

it shown how long they did business under this style before taking out a charter. While thus engaged in business, and on or about May 20, 1891, according to the evidence of plaintiff below, Shaffer entered into the contract for the service of plaintiff, such service to begin, according to the evidence of Shaffer, in four or five days, and, according to plaintiff's evidence, so soon as he could reasonably get to the mines from Alabama after he had been communicated with. On May 24 the statutory application for incorporation of a mining company, under the name and style of "The Pittsburg and Tennessee Copper Mining Company," was duly made, and on that day signed by the proposed corporators. Two of these corporators were Shaffer and Ferguson, who had already been doing business under the same corporate title. There was some delay in the acknowledgment and registration of this application, but it seems to have been completed June 18. Inasmuch as this is not a suit against Shaffer and Ferguson as individuals or partners, there can be no judgment against them as doing business under the name and style of the Pittsburg and Tennessee Copper Company. While there can be no doubt that Shaffer intended to employ plaintiff for the proposed corporation, and to bind it by his contract when it should come into existence, yet it is very plain law that a corporation is not responsible for acts performed or contracts made, before it came into existence, by promoters or persons proposing

to bind the company when it should be organized. A corporation not in existence can have no agent. The law of agency implies a principal capable of being represented by an agent of his own appointment. It follows, therefore, that Shaffer could not have been the agent of this corporation when he made this contract, whether he made it on the tenth or on the twentieth of May. Morawetz on Corporations, and cases cited by him to Sec. 547. But the law is equally as well settled that a contract made in advance of incorporation may be adopted after organization, and thereby become the contract of the corporation. The liability, in case of adoption, does not rest upon the idea of any supposed agency of the promoters, "but upon the immediate and voluntary act of the company." Morawetz, Sec. 548.

It was upon the evidences of adoption found in the record that we rested our affirmance of this judgment. Some of these evidences were: (1) That after the application had been made for a charter, Shaffer sent word to the father of the plaintiff that he must report for work by the next Monday. (2) When Quintrell reached the mines he states that Shaffer told him that another had been put at the job intended for his superintendence, but that another shaft would be shortly started, and he would be wanted to superintend its construction. He could have gotten work elsewhere, but, being told this, and being also requested to report at the mines as often as three or four times

a week, he sought no other work, and waited the arrival of the new manager, who was to locate the new shaft. (3) Quintrell, while thus awaiting assignment to duty, saw Mr. Ferguson, formerly connected with Shaffer, as we have before stated, and says Ferguson represented himself as the president and superintendent of the company. He told Ferguson of the circumstances under which he had been induced to come, and that Ferguson replied, "that Shaffer had *written him about it*, and that he was surprised to find him not at work and that Shaffer had acted the d——n rascal." This conversation with the president of the defendant company must have occurred after its organization, otherwise there would have been no such officer. The statement as to what he said to Quintrell is nowhere denied or explained. Some weeks after the organization of the company, Quintrell was assigned to duty, but in a short time he was discharged without fault, and paid only for the time he was actually at work.

Learned counsel, in the natural zeal pertaining to advocacy, have not observed the significance of the facts we have cited as evidence from which a jury, under proper charge, might infer that the contract of hiring between Quintrell and the projectors of the defendant company had been adopted by the company after its organization. They are mistaken in the assumption that Shaffer and Ferguson were never connected with the corporation. They were both corporators, and, as such, a

part of the first board of directors. Both were in connection with it when the acts tending to show adoption were done, Ferguson being president. Shaffer does not, in his very meager evidence, pretend that he had not been connected with the company. He only states that he was not interested at the time he was testifying, and fails to state when he had sold out. The evidence was not as clear and satisfactory upon any part of the case as we should require if the case was here for original consideration. The questions were submitted to the jury under what we must assume to have been a full and satisfactory charge. No error was assigned upon this charge, and no complaint is made of it in the petition for rehearing. The case is not one moving us to an exercise of our discretion under our rules, by looking to errors not assigned.

Dismiss the petition.