JOHN WALL, RESPONDENT *v.* THE NIAGARA MINING & SMELTING COMPANY OF IDAHO, A CORPORATION, APPELLANT.

CORPORATIONS—CONTRACTS ON BEHALF OF—BY PROMOTERS—BEFORE ORGANIZATION — WHEN BINDING AFTER ORGANIZATION. RULES APPLIED TO PARTICULAR CASE—WHOLESALE EXCEPTIONS —NOT CONSIDERED.

*Corporations—Contracts on Behalf of—By Promoters—Before Organization—When Binding after Organization.*

When a contract is made by and with promoters, of a corporation, which is intended to inure to the benefit of a corporation about to be organized, such contract will be regarded as in the nature of an open offer which the corporation, upon complete organization, may accept and adopt or not as it chooses; but, if it does accept and adopt and retain the benefits of it, it cannot reject any liability under it, but in such case will be bound to perform the contract, upon the principle that one who accepts and adopts a contract which another undertook to perform in his name and on his behalf, must take the burden with the benefit.

*Rule Applied to Particular Case.*

In this case the deed to the corporation, the articles of incorporation and the contract, under which plaintiff now claims, were executed on the same day, but the evidence does not disclose which was executed first; the contract was however, executed on behalf of the company, by F. who on the same day became its president, and contained, among others, this provision: in consideration of "having added to said incorporation certain valuable mining claims," the respondent was to be paid a stipulated per cent. of the sales of working capital until he had received an amount named, in addition to the stock already held by him; the corporation took the property and has retained it with the benefits, and must now

be held to be bound by its terms. The doctrine of *ultra vires* cannot be applied to such a case as this.

*Wholesale Exceptions—Not Considered.*

Wholesale and general exceptions to the charge of the trial court cannot be considered, unless the entire charge was erroneous.

( Decided Nov. 18, 1899. )

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action to recover three thousand dollars and interest, alleged to be due upon a contract. From a judgment for plaintiff, defendant appealed. *Affirmed.*

*W. C. Hall, Esq.*, for appellant.

A corporation is distinct from its stockholders, and although one person may own all the stock, he cannot, as such stockholder, act for the corporation. Cook on Stockholders, (2d ed.) Sec. 709.

All contracts of a corporation are to be made by or under the direction of the board of directors and not by the stockholders. Cook's Stockholders (2d ed.) Sec. 712, 716; *Titus* v. *Cairo, etc., R. Co.*, 37 N. J. 98 (Law); Cook on Stockholders (2d ed.) Sec. 714; *Burton* v. *Hoffman*, 61 Wis. 20, S. C. 20 N. W. 668; 1 Morawetz on Corporations, Sec. 232; *Cutshaw* v. *Fargo*, 18 Ind. Ap. 691, S. C. 34 N. E. 378; *Harrington* v. *Connor*, (Neb. Ap. '97) 6 A. & E. Corps. Ca., N. S. 609, 613, 614; *England* v. *Dearborn*, 141 Mass. 591, S. C. 6 N. E. 838; *Winona, etc., E. Co.* v. *St. Paul, etc., R. Co.*, 23 Minn. 359; Boone on Corp. Sec. 199; *Hopkins* v. *Roseclare Lead Co.*, 72 Ill. 397; *Gorman* v. *Gilson*, 28 Cal. 484; *Kansas City Hay Press Co.* v. *Devol*, 72 Fed. 721–722,

and cases cited; *Gashwiler* v. *Willis*, 33 Cal. 19, 20; *Kohl* v. *Lilienthal*, 81 Cal. 378; *Parker* v. *Bethel Hotel Co.*, 34 S. W. 209, 3 Am. & Eng. Corpo. Cases (N. S.) 477, 491, 492.

"Articles of incorporation under the general law of the State, with the provisions defining their effect, constitute the charter of the corporation; and from them the purposes of the corporation, and the uses to which its property may be put, must be ascertained and limited." *North Point Con. Irr. Co.* v. *Utah & S. L. Canal Co.*, (Feb. 5, 1898) 52 Pac. 168; *Rhorer* v. *Middlesboro Town & Land Co.*, (Ky.) 44 S. W. 449.

A corporation can only be exercised in the manner prescribed by the law under which it is organized. *Johnson* v. *Sage*, 44 Pac. 641; Cook on Stockholders, Sec. 716 and note; 1 Morawetz on Corpo., Sec. 537; *Wait* v. *Nashua Armory Assn.*, (N. H.) 23 Atl. 78.

" The declarations or statements of individual directors when the board was not in session, and when such declarations or admissions did not accompany any official act, were clearly incompetent; and the statements made in discussion while the board was in session were not negotiations between the company and the plaintiff." *Peck* v. *Detroit Novelty Works*, 29 Mich. 313; 1 Morawetz on Corpo. Sec. 540 and note; *Wyman* v. *Hollowell* and *Augusta Bank*, 14 Mass. 58; *Salem Bank* v. *Gloucester Bank*, 17 Mass. 28–29.

Corporate acts must be performed by the body and in the manner directed by the statute under which the corporation was organized. *Kansas City Hay Press Co.* v. *Devol*, 72 Fed. 721; *City of Joseph* v. *Clemens*, 43 Mo. 404; *Gashwiler* v. *Willis*, 33 Cal. 12; *Titus* v. *Railroad Co.*, 37 N. J. L. 102; *Bank* v. *Dunn*, 6 Pet. 51; *U. S.* v. *City Bank of Columbus*, 21 How. 356; *Railway Co.* v.

*Allerton,* 18 Wall. 233; *Walworth County Bank* v. *Farmer's Loan & Trust Co.,* 14 Wis. 357; *Hyde* v. *Larkin,* 35 Mo. App. 365, 72 Fed. 721–622; *Mut. L. Ins. Co* v. *Robinson,* 40 N. Y. Sup. 888; *Hamilton* v. *Bates,* 35 Pac. 304; *Bank* v. *Gifford,* 47 Iowa 575; *Mallory* v. *Mallory, Wheeler Co.,* 61 Conn. 131; *Bear R. Valley Orchard Co.* v. *Hanley,* 30 Pac. (Utah) 614.

"Agents cannot make contracts with themselves so as to bind their principals. The law will not permit one who acts in a fiduciary capacity to deal with himself in his individual capacity." 1 Daniel Neg. Instr. Sec. 282; *San Diego* v. *San Diego R. Co.,* 44 Cal. 113; *Andrew* v. *Pratt,* 44 Cal. 317–18; *Wilbur* v. *Lynde,* 49 Cal. 290–292.

A corporation cannot ratify a contract made for it before its creation. Alger on Promotion of Corpos. Sec. 199; *Melhado* v. *Porto Algere Ry. Co.,* L. R. 9 C. P. 503, 10 Moakes Eng. R. 281; *Abbot* v. *Hapgood,* 150 Mass. 252, 22 N. E. 908, also citing *Kelner* v. *Baxter, Melhado* v. *Ry. Co. supra,* and *Gurn* v. *Ins. Co.,* 12 C. B. (N. S.) 694, 104 Eng. C. L. 694; *Ruby Chief M. & M. Co.* v. *Gurley,* 17 Colo. 199, 29 Pac. 688; *Winters* v. *Hub. M. Co.,* (C. C. Id.) 57 Fed. 287.; *Long* v. *Citizens' Bank,* 8 Utah, 104, 29 Pac. 878; Morawetz on Corporations, Sec. 547; *N. Y. & N. H. R. Co.* v. *Ketchum,* 27 Conn. 180; *Schriner* v. *Turner, etc.,* 43 Pac. 721.

*Messrs. Zane & Rogers* and *Geo. P. Costigan, Jr. Esq.,* for respondent.

It is laid down by all the American authorities, and is admitted by the very authority appellant cites, that a corporation may "adopt" or "accept" a promoter's contract, and so be bound by it, even though it cannot "ratify" it. Alger's Promotion of Corporations, Sec. 202.

"A corporation may, however, make itself responsible for such acts and contracts by subsequently adopting them. The liability of the corporation under these circumstances does not rest upon a supposed agency of the promoters, and a ratification of their acts, but upon the immediate and voluntary act of the company." Morawetz, Sec. 548.

The Illinois cases are to the effect that the corporation is bound if it does adopt or accept the benefits. *Woods* v. *Phelan*, 93 Ill. 153; *Archwald* v. *Commercial Hotel Co.*, 106 Ill. 439.

And can bind the other parties to the contract in the same way. *Lauder* v. *Peoria Co.*, 71 Ill. 475; *Hotel Co.* v. *Encampment Co.*, 140 Ill. 248.

"A corporation may become bound to fulfill a contract made in its name and behalf in anticipation of its existence, by afterwards accepting the benefits of the contract, as it may acquire a right to enforce such a contract against the other party by his acceptance of performance by the corporation." *Penn. Match Co.* v. *Hapgood*, 141 Mass. 145.

"A corporation accepting the benefits of the contract of its incorporators must accept the burden, and a promoter's contract which has been ratified or adopted by the corporation, or the benefits of which have been accepted by the corporation, may be enforced against it." 2 Cook on Stock and Stockholders, 3d ed., p. 1045; Thompson on Corporations, Secs. 5289, 8444; *Grape Co.* v. *Small*, 40 Md. 395, (acceptance of benefit); *Seymour* v. *S. F. C. Ass'n*, 144 N. Y. 333, (ratification); *Rogers* v. *N. Y. Co.*, 134 N. Y. 211, (acceptance of benefit); *Huron Printing Co.* v. *Kittleson*, 57 N. W. 233; *Pittsburg Co.* v. *Quintrell*, 20 S. W. 248, (acceptance of benefit); *Paxton Cattle Co.* v. *Bank*, 21 Neb. 621, (acceptance

of benefit); *Whitney* v. *Wyman*, 101 U. S. 392, (ratification); *R. R. Co.* v. *Rollins*, 13 Colo. 4, (acceptance of benefit); *Bruner* v. *Brown*, 139 Ind. 600, (adoption of contract); *Queen City Furniture Co.* v. *Crawford*, 187 Mo. 356, (adoption of contract); *Schreyer* v. *Mills Co.*, (Ore.) 43 Pac. 719, (ratification); *Bommer* v. *Amer. Co.*, 81 N. Y. 473, (acceptance of benefit); *McArthur* v. *Times Printing Co.*, 48 Minn. 319, (adoption); *Bell's Gap R. R. Co.* v. *Christy*, 79 Pa. St. 54, (acceptance of benefit); *Pratt* v. *Match Co.*, 89 Wis. 406, (adoption of contract); *Swisshelm* v. *Laundry Co.*, 95 Pa. St. 367, (adoption of contract); *Low* v. *R. R. Co.*, 45 N. H. 370, (acceptance of benefit); *Stanton* v. *Ry. Co.*, 22 Atl. 300, (ratification); *Davis* v. *Montg. Co.*, 8 South. R. 496, (Ala.) (ratification); *Davis* v. *Butter Co.*, 52 Kan. 693, (acceptance of benefits); *Wood* v. *Phelan*, 93 Ill. 153, (ratification by issuing bonds executed by corporation previous to incorporation); North Point Case, 52 Pac. (Utah) 168; *Reicherwald* v. *Hotel Co.*, 106 Ill. 439, (acceptance of benefit).

BARTCH, C. J.

The plaintiff brought this action to recover $3,000, with interest, alleged to be due upon a contract. It appears from the record that the plaintiff, Ole H. Petersen, Peter A. H. Franklin, Hans H. Petersen, G. E. Palen and Sarah J. Vance were the promotors and incorporators of the defendant company. The articles of incorporation, which were signed by the promoters, were dated October 29, 1888, but were neither sworn to nor filed as required by law before December 3, 1888. The plaintiff, Ole H. Petersen and Sarah J. Vance, on the same day, December 3, 1888, conveyed by deed to the corporation certain mining claims, which were described in the articles of incorpora-

tion, and accepted by the corporation as payment in full of its capital stock, which, according to the articles, consisted of 200,000 shares of the par value of $10 each. Of this stock Ole H. Petersen received 53,200 shares, the plaintiff Wall 66,666, Peter A. H. Franklin, 33,334, Hans H. Petersen, 133, G. E. Palen, 33,334, and Sarah J. Vance 13,333 shares. Each of the parties contributed to the corporation twenty-five per centum of his stock, making in all 50,000 shares as working capital. As appears from the evidence neither Franklin nor Palen contributed property for their shares.

On the same day, December 3, 1888, on which the articles of incorporation and the deed were executed, and these arrangements made, the contract which has given rise to this controversy, was entered into, by the terms of which, and in consideration of the conveying of the mining claims to the corporation, the plaintiff was to be paid out of the first sale of the 50,000 shares of working capital 35 per cent. of the proceeds until he had received $3,000. There appears to be no question that the working capital was sold for sufficient to pay the plaintiff's claim in accordance with the terms of the contract.

Peter A. H. Franklin was named in the articles of incorporation as president of the company, and the contract was executed by the company through him. Palen was not a resident of Utah, and there is some evidence tending to show that Franklin was acting as his agent, but whether he had authority to so act is not very clear. There is also evidence tending to show that Franklin informed Palen about the contract, but the exact date on which this was done does not appear. After the organization was completed, the corporation retained the property, conveyed by the deed, but failed to pay the plaintiff's claim under the contract. At the trial judgment

was rendered against the defendant, and it thereupon appealed.

The most important question presented is whether "promoters," or persons who contemplate organizing a corporation can make contracts which will bind it after it becomes a legal entity.

It is contended by counsel for the appellant that a contract made for a corporation, before it has an actual existence, is not enforcable by or against it. This contention is too broad. It indicates that a corporation cannot, even in the exercise of its powers to make contracts, accept and adopt a contract made for it, by the promoters, before its existence as an entity. The legitimate sequence of this would be that a corporation, upon full and complete organization under the statute, might accept and adopt such a contract, receive and retain the benefits thereof, and at the same time be absolved from its burdens. We have no sympathy with a doctrine that would lead to such results—that might be employed as an instrument of fraud and injustice to the unwary.

It may be assumed as true that promoters and incorporators have no standing in any relation of agency, since that which has no existence can have no agent, and in the absence of any act authorizing them so to do, can enter into no contract, nor transact any business which shall bind the proposed corporation after it becomes a distinct entity, but notwithstanding this be true, still such promoters and incorporators may, acting in their individual capacities, make contracts in furtherance of the incorporation and for its benefit, and, after the incorporation comes into being as an artificial person under the forms of law, it may, at least under the weight of American authority, accept and adopt such contracts, and thereupon they be-

20 Utah—31.

come its own contracts, and may be enforced by or against it. This the corporation may do, not because of an agency on the part of the incorporators, before the existence of the entity, for there is none, but because of its own inherent powers as a body corporate, to make contracts. Moreover, the adoption of such a contract need not be by express action of the corporation, entered on its minutes, but may be inferred from its own acts and acquiesence, or those of its agents, and there need be no express acceptance or the corporation may be bound by the contracts of its promoters, if made so by its charter, which it has accepted and to which it was agreed. Unless, however, there be an acceptance and adoption thereof in some such way, the corporation will not, in general be bound by the contracts, of its promoters and incorporators, made for it before its complete organization.

Where a contract is made by and with promoters, which is intended to inure to the benefit of a corporation about to be organized, such contract will be regarded as in the nature of an open offer which the corporation, upon complete organization, may accept and adopt or not as it chooses, but if it does accept and adopt and retain the benefits of it, it cannot reject any liability under it, but in such case will be bound to perform the contract, upon the principle that one who accepts and adopts a contract which another undertook to perform in his name and on his behalf, must take the burden with the benefit.

In Morawetz on Priv. Corp. Sec. 548, it is said: " A corporation may, however, make itself responsible for such acts and contracts by subsequently adopting them. The liability of the corporation under these circumstances does not rest upon a supposed agency of the promoters, and a ratification of their acts, but upon the immediate

and voluntary act of the company. If an agreement is made with promoters or persons about to form a corporation, and the parties intend that the corporation, when formed, shall · become a party to the agreement, such agreement would usually constitute or include an open offer, which may be accepted by the corporation after it is formed. And this is true whether the promoters are pri- · marily liable or not."

So, in Taylor on Priv. Corp., Sec. 87, the author says: "It may be said, generally, that a corporation when organized, in the absence of ratification on its part, is not responsible for the acts nor bound by the contracts of its promoters, unless made so by its charter, which it has accepted and thereby agreed to. But this is not identical with the proposition that the corporation may ignore the engagements entered into by its promoters when it has had the benefit of them. It cannot be said that the promotors were the agents of the corporation; but, nevertheless, the corporation may adopt such acts of its promoters intended for its benefit, and may ratify such of their contracts made on its behalf as would have been within the powers of the corporation after its organization; and this it may do notwithstanding that it was not organized when those contracts were made. And if it ratifies their contracts, then, in the absence of express agreement with the other contracting party, the corporation must be held to have assumed the liabilities which would have attached to it had its promoters been its agents at the time when they contracted on its behalf."

In Alger on the Law of Promoters and the Promotion of Corporations, Sec. 206, it was said: "The acceptance or adoption may be implied from the acts of the corporation,—'acts from which you can infer, and from which you

ought to infer,' that there was an adoption of the contract by the corporation after its formation. This may be inferred from the acceptance by the corporation of property directly delivered to it by the other party to the contract, or received from him through the promoters, to whom it was delivered to be turned over to the corporation when formed; or it may be inferred from the retention by the corporation of the benefit of services rendered under the contract subsequent, or ordinarily prior, to the formation of the corporation."

See also Secs. 202–205, 208, *Id.* Cook on Stock and Stockholders, Sec. 707; Thomp. Corp., Sec. 5289; Redfield on Railways, p. 16; *Grape Sugar & Vinegar Mfg. Co.* v. *Small*, 40 Md. 395; *Seymour* v. *S. F. C. Assn.* 144 N. Y. 333; *Swisshelm* v. *Swissvale Laundry Co.* 95 Pa. St. 367; *Whitney* v. *Wyman*, 101 U. S. 392; *Pittsburg, etc. Mining Co.* v. *Quintrell*, 91 Tenn. 693; *Huron P. & B. Co.* v. *Kittleson*, 4 So. Dak. 520; *Little Rock & Ft. S. R. R. Co.* v. *Perry*, 37 Ark. 164; *Paxton Cattle Co.* v. *First Nat. Bank*, 21 Neb. 621; *McDonough* v. *Bank*, 34 Tex. 310; *Bruner, receiver, etc.,* v. *Brown*, 139 Ind. 600; *Furniture & Carpet Co.* v. *Crawford*, 127 Mo. 356; *Frankfort & St. Co.* v. *Churchill*, 6 T. B. Mon. 428; *Rogers* v. *N. Y. & L. L. Co.* 134 N. Y. 197; *Schrever* v. *Turner F. M. Co.,* 43 Pac. 719; *Bell's Gap Ry. Co.* v. *Christy*, 79 Pa. St. 54; *Pratt* v. *The Oshkosh Match Co.,* 89 Wis. 406; *McArthur* v. *Times Printing Co.,* 48 Minn. 319; *Wood* v. *Whelen*, 93 Ill. 153.

Having thus considered the principles of law applicable to promoters and incorporators of corporations, and involved in the case at bar, it remains to be seen whether, the corporation, by acts and acquiescence, or in any other manner, has accepted and adopted the contract in question, *cum onere,* and is therefore liable to the respondent.

The contract, so far as material here, reads: "That the said Niagara Mining and Smelting Co., by its president, Peter A. H. Franklin, in consideration of having added to said incorporation certain valuable mining claims, situate in Alder Creek Mining District, Custer county, Idaho, to-wit: Czar, Neptune and Copenhagen mining claims, by the parties of the second part, doth covenant and agree to and with the said John Wall and Ole H. Petersen, as follows: That out of the first sale of fifty thousand (50,000) shares of working capital stock now in said company, they are to receive thirty-five (35) per cent. of said proceeds of such sale, until the said John Wall has received the sum of three thousand dollars ($3,000) and the said O. H. Petersen has received the sum of two thousand ($2,000) dollars, in addition to the stock already standing in their respective names in said corporation."

Thus in consideration of "having added to said incorporation certain valuable mining claims," the respondent was to be paid out of the sale of the working capital 35 per cent. of the proceeds, until he had received $3,000 in addition to the stock already standing in his name. This agreement was made on December 3, 1888, the same day on which the incorporation was completed, and on which the property referred to was conveyed to it by deed. The agreement was executed for the company by Peter A. H. Franklin, who, on the same day, became its president. Which of the three instruments, the articles of incorporation, the deed, or the contract, was executed first does not appear, but it is shown that they were all completed on the same day. Thereupon the corporation, as appears, took possession of the property conveyed to it by the deed, and referred to in the contract, as a consideration for the $3,000 to be paid to the respondent, and has retained it, with the benefits accruing therefrom, during all these

years, but has refused to pay the respondent, although it has sold the working capital admittedly for more than sufficient to pay him in accordance with the terms of the agreement. Under these circumstances, and in consonance with the principles of law hereinbefore considered, this corporation must be held to have accepted and adopted the contract, and to be bound by its terms. The fact that there is nothing to show that the contract was ever adopted at a meeting of the board of directors, is, under the circumstances, wholly immaterial. Nor have the stockholders, Franklin and Palen, who, so far as shown by the record, paid nothing for their stock and contributed no property to the corporation, any moral or legal ground to complain, because the corporation is now required to perform the contract and discharge its just obligation.

To permit the corporation to retain possession of the property and its proceeds, without paying the agreed price therefor, would be subversive of every principle of justice.

In *Seymour* v. *S. F. C. Ass'n.*, 144 N. Y. 333, where similar questions were considered, it was said: "That no formal resolution of purchase was produced from the minutes of the corporation, does not prove that there was none, and if, in fact, there was none, because the agreement to that effect preceded by a day or two the actual filing of the corporate certificate, at least the corporation ratified the proposed contract, for it accepted the deeds, took possession of the property, has sold it in burial lots, has kept it and its proceeds for more than thirty years, and put utterly out of its power by its own acts any possible restoration. It must, therefore, pay or its possession becomes a robbery."

The appellant complains of the charge of the court to

the jury and has predicated numerous errors thereon, but the only exceptions, relating thereto, as shown by the abstract, are as follows: "Defendant excepts to each of the instructions given by the court, and also excepts to the refusal of the court to give the instructions requested by the defendant."

We have on many occasions said that such exceptions are too general and cannot be considered by us, unless the entire charge is erroneous, which is not the case here.

Nor did the court err in refusing to give the requests of the appellant to the jury. They were not proper under the circumstances disclosed by the record.

The appellant invoked the doctrine of *ultra vires,* but that doctrine can not be applied to such a case as this.

We find no reversible error in the record.

Judgment affirmed with costs.

MINER, J. and BASKIN, J., concur.