(February 28, 1913.)

## JOHN R. WHEELER, Respondent, v. GILMORE & PITTS-BURG RAILROAD COMPANY, LTD., Appellant.

[130 Pac. 801.]

PLEADING — ANSWER — NEW MATTER — INSTRUCTIONS — EXCEPTIONS—CONTRADICTORY.

1. Under the provisions of sec. 4217, the plaintiff is deemed to have denied any and all allegations of new matter contained in the answer.

2. Where new matter is contained in an answer in avoidance or constituting a defense or counterclaim, and no denial is plead, such defense is deemed denied, and it is not error to give an instruction upon the law with reference to such defense.

3. Where an instruction is requested by counsel for defendant, such defendant on appeal to this court cannot urge error on the part of the trial court to the effect that the trial court had added certain words to the instruction requested, when the record fails to show that such change was made by the trial court.

4. Where an instruction is given to a jury by the court and it is admitted that such instruction is correct and is not excepted to at the time of the giving of such instruction, and counsel for one of the parties requests an instruction which is contradictory to the instruction given by the court, such party cannot claim in this court for the first time that the giving of the two instructions was error.

5. Where the insufficiency of the evidence is assigned as error and the specific reasons for such contention are assigned and the evidence is conflicting upon the specific issues assigned and the cause is submitted to the jury and they have found generally, this court will not reverse or disturb the verdict of the jury.

APPEAL from the District Court of the Sixth Judicial District for Lemhi County. Hon. J. M. Stevens, Judge.

Action to recover a debt for legal services and expenses. *Affirmed.*

John H. Padgham and Arthur O. Fording, for Appellant.

The court erred in giving the jury inconsistent and contradictory instructions. (*Holt v. Railway Co.*, 3 Ida. 703, 35 Pac. 39; *Gordon v. Richmond*, 83 Va. 436, 2 S. E. 727; *Illinois Linen Co. v. Hough*, 91 Ill. 63; *Steinmeyer v. State*, 95 Ill. 383; *Vanslyck v. Mills*, 34 Iowa, 375; *State v. Hartzell*, 58 Iowa, 520, 12 N. W. 557; *Dodge v. Brown*, 22 Mich. 446; *Comstock v. Smith*, 26 Mich. 306.)

The court erred in charging the jury in language unintelligible to the jury, and therefore inadequately. (*Aikin v. Weckerly*, 19 Mich. 482.)

Verdicts have been set aside before because instructions were not probably intelligible to the jury. (*Trish v. Newell*, 62 Ill. 196, 14 Am. Rep. 79; *State v. Mix*, 15 Mo. 153; *Little Miami R. Co. v. Wetmore*, 19 Ohio St. 110, 2 Am. Rep. 373; *Crete v. Childs*, 11 Neb. 252, 9 N. W. 252; *State v. Robinson*, 20 W. Va. 713, 43 Am. Rep. 799.)

E. W. Whitcomb, for Respondent.

A party cannot complain of a charge which was given at his instance. (*Tucker v. Baldwin*, 13 Conn. 136, 33 Am. Dec. 384.)

"An instruction stating the law applicable to one theory of the case, and substantially covering all the facts, upon the correctness of which such theory depends, is proper, if it is in evidence in the case tending to prove such facts, although it ignores other facts put in issue as part of another and different theory, which, if true, leads to a different conclusion and result, when another instruction has been given in the case covering such conflicting theory." (*Rhoades v. Chesapeake & O. R. Co.*, 49 W. Va. 494, 87 Am. St. 826, 39 S. E. 209, 55 L. R. A. 170.)

STEWART, J.—This action was instituted by the plaintiff to recover compensation for services performed for the defendant upon two causes of action: The first for legal services rendered by plaintiff to the defendant between July 1, 1910, and the 16th day of January, 1911; the second, for money paid out for the use and benefit of defendant between the 1st day of July, 1910, and the 16th day of January, 1911.

An itemized statement of such services and expenses is made a part of the complaint, showing a total amount of $2,304.70. The defendant in its answer admits that certain services were rendered by plaintiff, but denies the correctness of the statement, and alleges that the value of such services had been paid by the defendant to the plaintiff; and denies that the different items of services specified were performed or that the values are correct. The defendant alleges also that prior to the 1st of July, 1910, and since September, 1909, the plaintiff was employed by defendant and was to receive a salary of $150 per month, and that on July 1, 1910, there was due plaintiff $150 for the month of June, 1910; that on the 26th of November, 1910, there was a settlement and adjustment between plaintiff and defendant of all items of account between them, including all charges for services rendered by plaintiff in behalf of the defendant, and that such settlement involved moneys of the defendant in the hands of the plaintiff, and that the defendant paid plaintiff $600 in full and complete settlement of his account against the defendant; that the defendant also paid plaintiff the $150 due him as salary for the month of June, 1910, and that the defendant is not indebted to plaintiff for any other services or for any money advanced by plaintiff or expended on behalf of defendant.

Upon the issues thus formed the cause was submitted to the jury and a verdict rendered for the plaintiff in the sum of $1,999.70. Judgment was rendered accordingly. This appeal is from the judgment.

Errors Nos. 1 and 2 as presented in the appellant's brief have no merit and will not be discussed. Error No. 3 involves

the refusal to give an instruction; the record does not show any request was made to the court to give such instruction, nor does the record show any exception to the refusal to give such instruction, and no error is shown upon the record.

Error No. 4 assigns as error the adding of certain words to an instruction requested by the defendant. The record on appeal, however, shows that the defendant requested the instruction with the words added, and that the words were not added after the request was made. Upon this record there was no error.

Error No. 5 relates to the giving of a certain instruction. Appellant's counsel admit that the instruction is correct in the abstract, but contend that it does not relate to the case. This court, however, has held to the contrary in several cases and the question is clearly covered by sec. 4217, Rev. Codes, which provides: "Every material allegation of the complaint not controverted by the answer, must, for the purpose of the action, be taken as true; the statement of any new matter in the answer in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party." This statute has been construed and applied in the case of *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81; *Ludwig v. Ellis*, 22 Ida. 475, 126 Pac. 769.

The appellant also contends that the contract referred to in the instruction has not been plead. The answer alleges a full settlement and adjustment on November 26, 1910, and covers the very subject referred to by this instruction. The allegations thus set forth in the answer are denied under the statute above referred to, and the defendant introduced evidence to establish the facts alleged, and certainly the respondent had a right to introduce evidence upon the same subject as to whether such contract was made and carried out or whether it was rescinded, and such evidence was introduced without objection on the part of the appellant.

Error No. 6 is based upon the instruction referred to in Error No. 5 given by the trial court, and an instruction given at the request of the defendant. Counsel for appellant argues

that the two instructions are inconsistent and contradictory, and because of that fact it was error to give both of them. The instruction referred to in Error No. 5 is admitted to be correct, and is a correct principle of law, and applies to the facts in the present case.    There was no error, therefore, in the court's giving such an instruction.    The instruction which it is claimed is inconsistent and contradictory to such instruction was given at the request of the defendant, and the defendant should not be allowed to take advantage of an error, if any, committed by the trial court at the request of the defendant.

The instruction referred to in Error No. 5 was based upon the theory of the plaintiff as shown by the plaintiff's evidence.    The other instruction was requested upon the theory of the defendant upon evidence the defendant offered in support of the allegations in its answer, and we think the rule in such cases is correctly announced by the authorities as follows: "An instruction stating the law applicable to one theory of the case, and substantially covering all the facts upon which the correctness of such theory depends, is proper, if there is any evidence in the case tending to prove such facts, although it ignores other facts put in issue as part of another and different theory, which, if true, leads to a different conclusion and result, when another instruction has been given in the case covering such conflicting theory." (*Rhoades v. Chesapeake & O. R. Co.*, 49 W. Va. 494, 87 Am. St. 826, 39 S. E. 209, 55 L. R. A. 170; *Tucker v. Baldwin*, 13 Conn. 136, 33 Am. Dec. 384.)

The next error, and the one to which counsel for appellant has devoted many pages of their brief and much of their oral argument, is in effect that the evidence does not sustain the verdict.    The errors assigned are: (a) The verdict is against the weight of the evidence as to values.    (b) The verdict is against the weight of the evidence, on the question of varying the written accord and satisfaction.    (c) The verdict is contrary to all the competent evidence offered.    (d) The verdict was contrary to the instruction quoted at "B" under Error No. 6.    (e) The verdict is so excessive as to

appear to have been given under the influence of passion and prejudice.

The evidence is somewhat conflicting as to the services rendered by plaintiff to defendant, the compensation he should receive from defendant, whether any settlement was made between plaintiff and defendant, the correctness of plaintiff's account, whether the services were to be continued to be rendered to the defendant thereafter, and the compensation the plaintiff was to receive for such services. We shall not undertake to detail the evidence upon these various controverted facts. The jury has determined each and all of these issues, and the evidence in the record supports the verdict of the jury, and the evidence being in conflict upon these various issues of fact, and the jury having found upon the questions, we will not disturb the verdict of the jury.

Counsel for appellant make the contention that parol evidence was received which varied and contradicted a written accord and satisfaction had between appellant and respondent. An examination of the record, however, shows that no exception was taken to this evidence. The trial court evidently treated the writing to which the evidence was offered as a mere receipt for services, and that such receipt was only *prima facie* evidence of the things contained in it, and that parol evidence was admissible to show that it was only a part of the contract. The matter was covered by the instructions of the court, and there was no error in the court's permitting such testimony. (Wigmore Ev., sec. 2430; *Stein v. Fogarty,* 4 Ida. 702, 43 Pac. 681; *Barghoorm v. Moore,* 6 Ida. 531, 57 Pac. 265.)

Counsel for appellant also contend "the court erred in charging the jury in language unintelligible to the jury." We have examined the instructions and are satisfied that when the instructions are all taken together they did not mislead or misdirect the jury. The jury seems to have understood the instructions and reached a verdict supported by substantial evidence.

The judgment is affirmed. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.