(December 18, 1913.)

# THE HENRY GOLD MINING COMPANY, a Corporation, Respondent, v. S. E. HENRY, Appellant.

### [137 Pac. 523.]

CORPORATION—ORGANIZATION OF—QUESTIONING REGULARITY OF—RIGHT OF CORPORATION TO RATIFY AND ADOPT THE ACTS OF THE PROMOTERS MADE IN ITS BEHALF PRIOR TO ITS FORMATION—RIGHT TO SUE FOR SPECIFIC PERFORMANCE AGAINST A PROMOTER WHO REFUSES TO COMPLY WITH CONTRACT—EVIDENCE—PREPONDERANCE SUPPORTING FINDINGS—NO ERROR JUSTIFYING REVERSAL.

1.  Individuals cannot in collateral suits avail themselves of any defects in the organization of a corporation. This may be done only by the power creating them in a direct proceeding instituted for that purpose.

2.  A person who has been instrumental in the formation of a corporation and who has contracted with the corporation with full knowledge of its transactions is not in a position to contest the legality of its formation.

3.  Where four promoters made an agreement to form a corporation, and after the corporation was formed became its sole stockholders, officers and directors, and made contracts and transacted business on behalf of the corporation relating to a contract previously entered into between the promoters, and had knowledge of the transactions which preceded the formation of the corporation and the contract that the promoters made prior to the organization of the corporation, and this knowledge was imputable to the corporation when they became stockholders, officers and directors, and the evidence shows that the corporation by its acts and conduct has adopted and ratified the agreement made by the promoters before the corporation was organized, and the corporation brings suit against one of the promoters who has not fully complied with his contract entered into as a part of the promoters' arrangement, the plaintiff, the corporation, has a legal cause of action and may sue for specific performance of the contract.

4.  Where it is shown by the record that the evidence in the case is conflicting, and the opinion of this court is that there is substantial evidence supporting the findings of the trial court, this court will not reverse the judgment on the ground that the evidence does not support the findings.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to enforce the specific performance of a contract. *Affirmed.*

Herman H. Taylor, for Appellant.

A contract of promoters cannot be ratified. A new contract must be shown or a specific adoption. (*Penn Match Co. v. Hopgood,* 141 Mass. 145, 7 N. E. 22; *Abbott v. Hopgood,* 150 Mass. 248, 15 Am. St. 193, 22 N. E. 907, 5 L. R. A. 587.)

Certainly this could not be done by a corporation before it had any existence at all. (*Wall v. Mines,* 130 Cal. 27, 62 Pac. 386; *Bash v. Culver Gold Min. Co.,* 7 Wash. 122, 34 Pac. 462.)

If any action lies, it is by the promoters against Henry for failure to perform his contract and for their damages sustained thereby. (5 Cook on Corporations, 183, 186, 707.)

G. H. Martin and Peter Johnson, for Respondent.

Individuals cannot avail themselves of any defects in the organization of a corporation. This may be done only by the powers creating the corporation in a direct proceeding instituted for that purpose. (*Boise City Canal Co. v. Pinkham,* 1 Ida. 790; 10 Cyc. 259; 1 Clark & Marshall on Corp., secs. 80, 256.)

Where an association under color of legal existence is in the exercise of its corporate franchise, inquiry cannot be made collaterally into its corporate existence. To permit this would be to invite endless litigation. (1 Clark & Marshall on Corp., secs. 80, 81; *Douglas Co. v. Bolles,* 94 U. S. 104, 24 L. ed. 46; *Dollar Co. v. Huidekoper,* 154 U. S. 654, 14 Sup. Ct. 1190, 25 L. ed. 974; *Puget Sound Nat. Bank v. Fisher,* 52 Wash. 246, 17 Ann. Cas. 526, 100 Pac. 724.)

By contracting with the plaintiff the defendant admitted that it was a legal corporation in whose favor a liability

might be incurred and at whose suit a liability might be enforced, and in this proceeding his admission would be conclusive upon him, and he is precluded from alleging the incompetency of the plaintiff. (*Grande Ronde Lumber Co. v. Cotton,* 12 Colo. App. 375, 55 Pac. 60; *First Cong. Church v. Grand Rapids etc. Co.,* 15 Colo. App. 46, 60 Pac. 948; *Plummer v. Mercantile Co.,* 23 Colo. 190, 47 Pac. 294; *Lynch v. Perryman,* 29 Okl. 615, Ann. Cas. 1913A, 1065, 119 Pac. 229.)

Ratification or adoption may be implied where it is within the scope of the powers of the corporation. (1 Clark & Marshall on Corporations, p. 309; Cook on Corporations, 6th ed., sec. 707.)

"As a corporation may, in most states, ratify or adopt a contract made on its behalf by its promoters before incorporation, and thus become liable thereon, it may also acquire the right to enforce the same. By such ratification or adoption it makes the contract its own, and may sue thereon in its own name." (1 Clark & Marshall on Corporations, 315; *Paxton Cattle Co. v. First Nat. Bank,* 21 Neb. 621, 59 Am. Rep. 852, 33 N. W. 271, note in 13 Am. St. 29, 30; *Whitney v. Wyman,* 101 U. S. 392, 25 L. ed. 1050; *Scadden Gold Min. Co. v. Scadden,* 121 Cal. 33, 53 Pac. 440; *Chater v. San Francisco etc. Refining Co.,* 19 Cal. 219.)

See, also, as to the enforcement of the remedy of specific performance in cases of mining corporations, *Treasurer v. Commercial Min. Co.,* 23 Cal. 392; *Shorb v. Beaudry,* 56 Cal. 450; *Hunt v. Davis,* 135 Cal. 31, 66 Pac. 957; *Wall v. Niagara Mining & Smelting Co.,* 20 Utah, 474, 59 Pac. 399.

A promoters' agreement may be ratified by the acts and conduct of the corporation after it comes into existence. (*Mantle v. Jack Waite Min. Co.,* 24 Ida. 613, 135 Pac. 863.)

STEWART, J.—This is an action for the specific performance of a contract to convey to plaintiff an undivided one-fourth interest in and to the Boston, Chicago and Minneapolis mining claims located in the Pend d'Oreille mining district, Bonner county, Idaho, and to compel the defend-

ant to make conveyance to the plaintiff of such interest. The facts are as follows: That on January 15, 1909, the defendant, Henry Riser, E. E. Fry and Frank Zimmerman entered into an agreement for the formation of a corporation under the laws of Idaho for the purpose of taking title to said one-fourth interest in said three mining claims and seven other mining claims, for the purpose of procuring money with which to develop the same; that it was agreed by each of said parties that he would, and he did, subscribe for 10,000 shares of the capital stock of the corporation; that it was agreed between defendant and Riser, who owned jointly the seven claims known as the Washington, Oregon, Idaho, Iowa, Colorado, California and Arizona, that they would convey to the corporation, when formed, all their interest in the seven claims last mentioned, and that it was agreed by the defendant that he would convey to the corporation when formed his undivided one-fourth interest in the Boston, Chicago and Minneapolis mining claims, and it was agreed that the corporation when formed should issue to Riser 300,000 shares of the capital stock of said corporation and to defendant 300,000 shares of the capital stock of the corporation in payment for the conveyance to the corporation of the mining claims aforesaid and the interest of the said parties therein. Thereafter a corporation was formed by the execution of articles of incorporation January 30, 1909, by the filing thereof February 8, 1909, and the issuance of a certificate of incorporation by the state of Idaho February 26, 1909; that said corporation was organized with a capital stock of 1,000,000 shares of the par value of ten cents each; that upon the completion of the organization of the corporation and the making of the agreement referred to in this opinion, Fry, Zimmerman and Riser transferred and released to the corporation all their rights which they had acquired under the agreement heretofore referred to and the corporation ratified and adopted the same; that Fry, Henry Zimmerman and Riser subscribed to the capital stock; that the corporation issued to Riser 300,000 shares for his interest in the seven mining claims above mentioned, and to

the defendant 300,000 shares of its capital stock in payment for his interest in the ten mining claims above mentioned, and that by compliance by the plaintiff with the agreement the plaintiff became the owner of the undivided one-fourth interest in the Boston, Chicago and Minneapolis mining claims; that Riser and Henry conveyed to the corporation their interest in the Washington, Oregon, Idaho, Iowa, Colorado, California and Arizona mining claims by deeds, executed March 4, 1909, and August 25, 1909.

The complaint filed in the case sets forth practically the facts above mentioned, but the same was not verified. The defendant filed a general denial. The case was tried to the court upon the evidence. Findings of fact and conclusions of law were made and a decree entered in favor of the plaintiff, that the plaintiff is the owner in fee simple of an undivided one-fourth interest in and to the mining claims situated in the Pend d'Oreille mining district in Bonner county, Idaho, to wit: The Boston, Chicago and Minneapolis, located about three and one-half miles north of the town of Hope, in Bonner county, Idaho, the adjoining claims being the Colorado and Iowa on the north, and the Washington and Oregon on the south. It was also commanded that the defendant convey to the plaintiff such undivided one-fourth interest in and to said mining claims by a deed sufficient in law to transfer to the plaintiff the defendant's title thereto, and such title as he had on the 30th day of January, 1909, within thirty days from the date of the decree; and it was ordered that if the defendant failed to execute and deliver such conveyance within the time limited, then the clerk of the court, Robert S. McCrea, was authorized and empowered to execute and deliver such conveyance in the name and for and on behalf of the defendant. Then follows a provision that the title is established and quieted in the plaintiff, and that the defendant and all persons claiming by, through or under him are debarred and estopped from claiming any right, title or interest thereto. It is also ordered that plaintiff recover costs.

The first error assigned and urged as ground for reversing this case is, that the corporation, the Henry Gold Mining Company, was not organized according to the laws of the state. The record shows that the law was complied with and that a certificate from the Secretary of State was issued to the respondent showing that the Henry Gold Mining Company had filed its articles of incorporation in due form. It also appears from the record that Henry, after the organization of the company, purchased stock and executed deeds to it, and acted as a stockholder, member of the board of directors and secretary of the company, and was its legal adviser and contracted with the corporation.

This court in the case of *Boise City Canal Co. v. Pinkham,* 1 Ida. 790, held that individuals cannot in collateral suits avail themselves of any defects in the organization of a corporation; that this may be done only by the powers creating the corporation in a direct proceeding instituted for that purpose. This rule is considered in 10 Cyc. 259, where the authorities are cited upon both sides. In our judgment, the better reasoning is the rule above stated. (See Clark & Marshall on Corporations, vol. 1, secs. 80, 256.)

In the case of *Pittsburg Mining Co. v. Spooner,* 74 Wis. 307, 17 Am. St. 149, 42 N. W. 259, it was held that a person who had been instrumental in the formation of a corporation and who has contracted with the corporation with full knowledge of its transactions is not in a position to contest the legality of its formation.

The next objection relied upon by the appellant is, that the evidence does not sustain the finding wherein the court found that the defendant entered into an oral or any agreement with Fry, Riser and Zimmerman to convey his undivided one-fourth interest in the Boston, Chicago and Minneapolis mining claims to the corporation.

The evidence in this case is voluminous and from a consideration of the same it is perfectly clear that the evidence is conflicting, but our opinion is that it could serve no purpose to analyze this evidence and state the particular facts upon which it is in conflict, inasmuch as we are of the

opinion that there is substantial evidence supporting the contention of the respondent. The trial court made findings upon the questions contended for in this alleged error, and such findings are in favor of the respondent, and we are satisfied that the court committed no error in so finding. (*Salisbury v. Spofford,* 22 Ida. 393, 126 Pac. 400; *Wheeler v. Gilmore etc. Ry. Co.,* 23 Ida. 479, 130 Pac. 801.)

The third assignment of error is that the evidence is insufficient to sustain the finding of the court, that the corporation did organize or was duly or in any manner informed of the terms, conditions or provisions of any agreement or adopted the same for the conveyance to the corporation of the one-fourth interest in the Boston, Chicago and Minneapolis mining claims, or that the defendant received or accepted 300,000 shares of the capital stock in payment for said interest, or that the plaintiff has paid the defendant any compensation for said interest or has become the owner of the same at all.

In answer to this alleged error, we have heretofore considered the validity of the organization of the respondent. The remainder of the assignment of error deals with the question of the right of the corporation to ratify or adopt the acts of the promoters made in its behalf prior to its formation, and whether or not the plaintiff is entitled to maintain this action against the defendant. The four promoters entered into preliminary agreement for the formation of the corporation, and after the corporation was formed became its sole stockholders and its officers and directors, and we are of the opinion that after the corporation was formed these four promoters and stockholders and officers, when they acted and made contracts and transacted business on behalf of the corporation relating to the contract previously entered into between the promoters, had full knowledge of all of the transactions which preceded the formation of the corporation and the contract that the promoters made prior to the organization of the corporation, and that this knowledge was imputable to the corporation when they became its stockholders, officers and directors. The record

clearly shows this to be a case where a corporation itself, by its acts and conduct. after adopting and ratifying the agreement made by the promoters, is seeking to enforce that contract in court against one of the promoters who has not fully complied with his contract entered into as a part of the promoters' agreement.

The articles of incorporation clearly provide that "the purposes for which it is formed are to carry on the business of mining for gold, silver, copper, lead and other minerals, buying and selling mining properties and doing a general mining business." The articles of incorporation place no limitation upon the right of the corporation to contract, and there is nothing in such articles which limits the corporation to any particular method of entering into contracts.

. It is a general rule announced by the authorities dealing with corporations, relating to the laws of various states, that a corporation may, in most states, ratify or adopt a contract made by its promoters before incorporation, and thus become liable thereon; it may also acquire the right to enforce the same. By such ratification or adoption it makes the contract its own, and may sue thereon in its own name. Where a contract by the promoters of a corporation with the owner of land, under which the latter agrees to sell the land to the corporation when organized, is adopted by the corporation, it may sue for specific performance. (Clark & Marshall on Corporations, vol. 1, p. 315. See, also, Cook on Corporations, 6th ed., sec. 707, p. 2406.)

We also cite in support of the general rule announced above the following cases: *Paxton Cattle Co. v. First Nat. Bank,* 21 Neb. 621, 59 Am. Rep. 852, 33 N. W. 271; *Low v. Connecticut etc. R. R. Co.,* 45 N. H. 370; *Whitney v. Wyman,* 101 U. S. 392, 25 L. ed. 1050.

A case very similar to the case now being considered is the case of *Scadden Gold Min. Co. v. Scadden,* 121 Cal. 33, 53 Pac. 440. In the latter case the court quotes from. *Battelle v. Northwestern etc. Pavement Co.,* 37 Minn. 89, 33 N. W. 327, the following: "There can be no difference between its making a contract by adopting an agreement

originally made for it in advance by its promoters and its making an entirely new contract." (*Chater v. Refining Co.*, 19 Cal. 219.)

In this contention as to the right to maintain the action we call attention to the following cases: *Shorb v. Beaudry*, 56 Cal. 450; *Hunt v. Davis*, 135 Cal. 31, 66 Pac. 957; *Wall v. Niagara Min. & Smelt. Co.*, 20 Utah, 474, 59 Pac. 399.

This latter case is very lengthy, but it clearly states the rule of law relating to ratification and adoption of contracts of promoters.

In the case of *Valley Lumber Co. v. McGilvery*, 16 Ida. 338, 101 Pac. 94, this court had under consideration a transaction between the vice-president of the plaintiff and the defendant, full knowledge of which was shown by the president and general manager and secretary, who were all members of the board of directors, and the court in the opinion, p. 367 (16 Ida.), says:

"The record shows that appellant did ratify it [the transaction] by remaining silent about the matter for several months after it had full knowledge of all the facts. It was then too late to repudiate it. Appellant seeks now to ratify the contract so far as it favors them and repudiate it so far as it does not accord with its interests. This appellant will not be permitted to do. Honesty and fair dealing require the corporation to stand by the contract . . . . or repudiate it *in toto*."

This court also, in the case of *Mantle v. Jack Waite Mining Co.*, 24 Ida. 613, 135 Pac. 863, lays down the rule that a promoter's agreement may be ratified by the acts and conduct of the corporation after it comes into existence.

Other errors are assigned wherein counsel for appellant objected to certain testimony, but we find no merit in the contention. We find no error in the trial court's findings or the judgment. The judgment is affirmed. Costs awarded to respondent.

Sullivan, J., concurs.

Ailshie, C. J., concurs in conclusion.