(February 12, 1923.)

A. HACKBARTH, an Individual Doing Business as LAP-WAI LUMBER COMPANY, Respondent, v. WILSON LUMBER COMPANY, a Corporation, Appellant.

[212 Pac. 969.]

PROMOTER'S CONTRACT—LIABILITY OF CORPORATION.

    If a contract is made with the promoters of a corporation in contemplation of its organization and for its benefit, it consti-

Publisher's Note.

    Liability of corporation to third parties on promoters' contracts, see notes in 13 Am. St. 28; 8 Ann. Cas. 262; Ann. Cas. 1916C, 105.

tutes a continuing offer, and if, after the organization of the corporation, it accepts the benefits of the contract, it accepts this continuing offer and makes the contract its own.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for purchase price of lumber. Judgment for plaintiff. *Affirmed.*

W. T. Stafford, for Appellant.

Where the court instructs the jury upon what state of facts they must find a verdict for a party, the instruction should include all the facts in the controversy material to the rights of the plaintiff or the defense of the defendant. (*Deasey v. Thurman,* 1 Ida. 775; *Johnson v. Frazer,* 2 Ida. 404, 18 Pac. 48.)

The mere fact that a corporation is organized to take over the business formerly conducted by a firm or an individual is not in itself sufficient to render it liable for a debt incurred by such firm or individual in conducting such business. (*Anderson v. War Eagle Con. Min. Co.,* 8 Ida. 789, 72 Pac. 671; *Moore v. Boise Land Co.,* 31 Ida. 390, 173 Pac. 117; *Walker v. Selma Fruit Co.,* 177 Cal. 737, 171 Pac. 309; *Cooper v. Utah etc. Co.,* 35 Utah, 570, 102 Pac. 202; *Huggins v. Milwaukee Brew. Co.,* 10 Wash. 579, 39 Pac. 152; *Hart Pioneer Nursery Co. v. Coryell,* 8 Kan. App. 496, 55 Pac. 514; *Byrne-Hammer Co. v. Willis-Dunn Co.,* 23 S. D. 221, 121 N. W. 620; *McLellan v. Detroit etc.,* 56 Mich. 579, 23 N. W. 321; *Duslacher v. Fraser,* 8 Wyo. 58, 55 Pac. 306; *Austin v. Tecumseh Nat. Bank,* 49 Neb. 412, 68 N. W. 628; *Ziemer v. C. G. Bretting Mfg. Co.,* 147 Wis. 252, 133 N. W. 139; *Culbertson v. Alabama Const. Co.,* 127 Ga. 599, 56 S. E. 765, 9 L. R. A., N. S., 411; *Greenberg-Miller Co. v. Everett Shoe Co.,* 138 Ga. 729, 75 S. E. 1120; *Bludwine Bottling Works v. Crown Cork Co.,* 14 Ga. App. 285, 80 S. E. 853; *Schufeldt v. Smith,* 139 Mo. 367, 40 S. W. 887; *Hall v. Baker Furn. Co.,* 86 Neb. 389,

125 N. W. 628; *Nat. Bank v. Hollingsworth,* 135 N. C. 556, 47 S. E. 618; 14 C. J. 305, sec. 368.)

The great weight of authority holds that parties who undertake to organize a corporation cannot bind the corporation by their contracts and agreements made before the company is incorporated. (*Moore v. Handley Hdwe. Co. v. Towers Hdwe. Co.,* 86 Ala. 206, 6 So. 41; *Greenberg-Miller Co. v. Everett Shoe Co.,* 138 Ga. 729, 73 S. E. 1120.)

Bissell & Bird, for Respondent.

There is a conflict in the evidence and there is evidence in the record which, if uncontradicted, would support the judgment, and therefore the judgment of the trial court must stand. (*Harvey v. Brett, ante,* p. 126, 209 Pac. 209; *Seymour v. Boise R. R. Co.,* 24 Ida. 7, 132 Pac. 427; *Martin v. Zellerbach,* 38 Cal. 300, 99 Am. Dec. 365; *San Francisco & N. P. R. R. Co. v. Bee,* 48 Cal. 398; *Kirkup v. Anaconda etc. Co.,* 59 Mont. 469, 197 Pac. 1005, 17 A. L. R. 441; *Nannizzi v. Caprile,* 43 Cal. App. 498, 185 Pac. 673; C. S., chap. 206.)

The instructions as a whole are not misleading and do not constitute reversible error. (*Richardson v. Harsha,* 22 Okl. 405, 98 Pac. 897; *Seymour v. Boise R. R. Co., supra; Moriarity v. Meyer,* 21 N. M. 521, 157 Pac. 652; C. S., sec. 7976; 14 C. J. 262, 263; *Kirkup v. Anaconda etc. Co., supra; Nannizzi v. Caprile, supra;* 6 Cal. Jur. 705; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629; *Taylor v. Lytle,* 29 Ida. 546, 160 Pac. 942.)

McCARTHY, J.—This is an action to recover the price of lumber. It is alleged in the complaint that respondent sold and delivered this lumber to the promoters of the respondent corporation, who were engaged in the lumber business at Gooding, Idaho, and were represented in the transaction by one A. Wilson; that they received and used part of said lumber in the construction of buildings and put the rest into the general stock; that thereafter the said A. Wilson and the other persons interested caused the corporation

to be formed under the laws of Idaho as the Wilson Lumber Co.; that the purpose of the incorporation was to take over the property and continue the business, which was done. The appellant, in addition to denying the allegations of the complaint, defends the action on the ground that the original purpose of those interested in the business was to incorporate a company at Gooding as a branch yard of the Wilson Lumber Co. of Enterprise, Or.; that respondent sold the lumber in question to said Oregon corporation, and it was shipped to the branch yard at Gooding; that later those interested incorporated the concern as an independent Idaho corporation, brought the lumber from the Oregon corporation, and paid for it by delivering to the latter notes which the interested parties had given in payment for corporation stock. From a judgment for respondent this appeal is taken. The principal assignments of error are: (1) that the complaint does not state a cause of action, (2) that the court erred in giving instruction No. 5, (3) that the evidence is insufficient to support the judgment in the particulars mentioned in the brief.

By the overwhelming weight of authority it is held that a corporation makes itself liable on the contracts of its promotors by receiving their benefits. (*Commercial Trust Co. v. Idaho Brick Co.*, 25 Ida. 755, 139 Pac. 1004; *Henry Gold Mining Co. v. Henry*, 25 Ida. 333, 137 Pac. 523; *Mantle v. Jack Waite Mining Co.*, 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130; authorities cited in note to *Kirkup v. Anaconda Amusement Co.*, 59 Mont. 469, 197 Pac. 1005, 17 A. L. R. 441.) Several different legal theories have been advanced, some of which have been subjected to criticism on logical grounds. The most logical theory of liability to fit the case is that the proposal of one seeking to contract with a corporation through its promoters should be regarded as a continuing offer, which is accepted by the corporation by receiving the benefits after it is organized, notwithstanding its acceptance in the first instance by the promoters. (*Weatherford etc. Ry. Co. v. Granger*, 86 Tex. 350, 40 Am. St. 837, 24 S. W. 795; *Wall v. Niagara Mining & Smelting*

Co., 20 Utah, 474, 59 Pac. 399; note to *Kirkup v. Anaconda Amusement Co., supra*.)  The complaint states a cause of action on this theory.

Instruction No. 5 given by the court is criticised on the ground that it contains a recital of facts, which the jury may have understood to mean that the court believed the facts were as recited.  Appellant contends that the recital of facts in the instruction should have been preceded by the words "If you should find that."  This objection is met by the fact that the word "if" precedes the recital of facts, and it is very clear from the instruction that the court did not invade the province of the jury.  Criticism is made of certain other instructions given, and objection is also made that the court should have given certain instructions requested.  Taken as a whole the instructions correctly state the law applicable to the theory of liability above explained, which is the only one germane to the evidence.

There is a conflict in the evidence.  It is conceded that A. Wilson represented the people who were interested in the lumber-yard at Gooding.  Plaintiff testified that he sold them the lumber in question through A. Wilson with the understanding that the concern was to be incorporated and that he did not know the Oregon corporation in the transaction.  Witnesses for appellant, on the other hand, testified that the lumber was bought from the Oregon corporation and paid for in the manner set up in the answer.  It is conceded that the Idaho corporation is the successor of the unincorporated association of persons who commenced the business and that it received the benefit of the lumber.  In view of the familiar rule applicable to a conflict of the evidence, the evidence is sufficient to support the judgment on the theory of liability above set forth.

The judgment is affirmed, with costs to respondent.

Budge, C. J., and Dunn, William A. Lee, and Wm. E. Lee, JJ., concur.